[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 540 
By order of The Honorable James R. Holmes, Judge of the County Court for Broward County, Florida, Section 810.09, Florida Statutes (1975), was declared unconstitutionally vague and overbroad. Article V, Section 3(b)(1), Florida Constitution, and Fla.App. Rule 2.1(5)(a), endow this Court with jurisdiction to entertain this appeal.
Appellee was charged by information with trespass on school property in violation of Section 810.09, Florida Statutes (1975).[1] An arrest followed his refusal to leave the premises after being so ordered by a school custodian. Appellee filed a motion to dismiss the information contending that Section 810.09, Florida Statutes (1975), is unconstitutional. Further, he argued in his motion that the wording of the information and the allegations contained therein were so vague and indefinite that the document was deficient.[2] The trial court, in an order dealing exclusively with the constitutionality of the statutevel non found the Act: (1) overbroad because it "gives unbridled discretion to an unnamed individual who is not specified in the statute to inform an individual that he is no longer authorized, licensed, or invited to remain on the property, which by the title and subject matter of the act includes public property;" and (2) *Page 541 
unconstitutionally vague because "[w]ithout any identification of those individuals who can make the actual communication to an individual who is trespassing," the statute not only fails "to convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice," but also fails to inform "the alleged trespasser as to whether or not the person making the actual communication has the authority in the first place to make the communication to leave the state owned land."
While we cannot accept the trial judge's conclusion that the statute is unconstitutional, we affirm the result reached in the proceedings below. Our anxiety is not the product of an unconstitutional statute but is the function of an incomplete information.[3]
An information must allege each of the essential elements of a crime to be valid. 17 Fla.Jur. Indictments Informations § 104 (1958). No essential element should be left to inference. Cornv. State, 332 So.2d 4, 12 (Fla. 1976) (Hatchett, J., dissenting). Smith v. State, 324 So.2d 699 (Fla.1st DCA 1976);Evanco v. State, 318 So.2d 535 (Fla.1st DCA 1975); Haley v.State, 315 So.2d 525 (Fla.2d DCA 1975); Rodgers v. State, 325 So.2d 48
(Fla.2d DCA 1975); Causey v. State, 307 So.2d 197
(Fla.2d DCA 1975); Ashley v. State, 292 So.2d 616 (Fla.2d DCA 1974); Priester v. State, 294 So.2d 421 (Fla.4th DCA 1974). In the instant case, the information is defective because it does not allege that "the offender defied an order to leave, communicated to him by an authorized person." Not only does it fail to state that a person with requisite authority demanded he leave, it does not even state that anyone ordered him to leave. See Section 810.09(2)(a), Florida Statutes (1975). An essential element of the offense is therefore omitted. Such an omission must be fatal, especially where the premises are public and not the home of a named person, and it is apparent that appellee's initial entry upon the premises was lawful. See Corn v. State,
supra, (Hatchett, J., dissenting).
Ordinarily, this Court will not reach constitutional issues if the case in which the question arises may be effectively disposed of on other grounds. Singletary v. State, 322 So.2d 551 (Fla. 1975); Peoples v. State, 287 So.2d 63 (Fla. 1973); WillistonHighlands Development Corp. v. Hogue, 277 So.2d 260 (Fla. 1973);Walsingham v. State, 250 So.2d 857 (Fla. 1971) Mounier v.State, 178 So.2d 714 (Fla. 1965). However, it is foreseeable that in the instant cause the state will file an amended information. To aid in the disposition of any future proceedings below, we now consider the constitutionality of the statute velnon.
A challenge to the facial validity of a statute must be based on the test enunciated in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). In Roth, the United States Supreme Court stated at 491, 492, 77 S.Ct. at 1312, 1313:
. . . lack of precision is not itself offensive to the requirements of due process ". . . [the] Constitution does not require impossible standards"; all that is required is that the language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. . . ." That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is not sufficient reason to hold the language too ambiguous to define a criminal offense.
See also, State v. Lindsay, 284 So.2d 377 (Fla. 1973).
"Common understanding" dictates that the phrase "other authorized person" is to be read in light of the preceding phrase "owner of the premises" and in pari materia *Page 542 
with other statutes controlling the delegation of authority to limit or withdraw access to specific types of public land. In regard to private land, an "authorized person" is one who receives either express or implied authorization from the owner. On public premises, authorized personnel includes those persons who have been given either express or implied authority from the chief executive. In the instant case, appellant was expelled from school property. Section 230.23(2), Florida Statutes (1975), grants to the school board the power to control property in the best interests of education. Accordingly, in the public school system, the chief executive is the school board. And those employees who are designated by the board to exercise control over school property constitute the class of "other authorized persons" under the statute.
Whether an individual has express or implied authority then is a fact which must be stated in the information and proved by the prosecution at trial. The controversy raised by appellee is not caused by a constitutionally deficient statute but is a question of proof. Roth did not intend that the statute mandatorily embody an itemized list of who may make such a demand in each instance. Indeed, an attempt to construct an all-inclusive list would undoubtedly prove futile. To deny to the Legislature the power to use generic descriptions if pressed to its logical conclusion would practically nullify legislative authority by making it essential for the Legislature to define all the specific instances to be brought within the statute. As the United States Supreme Court said in Smith v. Goguen, 415 U.S. 566, 581, 94 S.Ct. 1242, 1251, 39 L.Ed.2d 605 (1974):
 There are areas of human conduct where by the nature of the problems presented, legislatures simply cannot establish standards with great precision.
Control of disorderly conduct that may inhibit the policeman in performing his duties is one such area requiring an instantaneous, discretionary judgment by the officer to maintain order. Cf. Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). A school custodian can be confronted with a similar situation requiring an immediate judgment. As an employee of the school board, he is statutorily mandated to manage school property "to the best interests of education," Section 230.23(2), Florida Statutes (1975). It seems clear that a school custodian must on occasion determine whether the presence of certain individuals on school property is "[in] the best interests of education." The Legislature cannot statutorily adopt elucidatory standards to substitute for individual judgment. If that discretionary judgment is unsound, the alleged trespasser can defend on those grounds. If that discretionary judgment is applied arbitrarily or capriciously to the defendant, then he is protected by the due process and equal protection guarantees of the Florida and United States Constitutions.
For the reasons stated herein, we hold that the statute conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. State v. Mayhew,288 So.2d 243 (Fla. 1973); Newman v. Carson, 280 So.2d 426
(Fla. 1973); Zachary v. State, 269 So.2d 669 (Fla. 1972). Further, the discretion statutorily given an "authorized person" is mandated by the nature of the problem presented. While we recognize that a valid statute may be unconstitutionally applied, the precise limitations to be placed on the words in question can best be specified when actual cases requiring such interpretation are presented. Because the charging document in the instant case was defective, we affirm the result reached below but reverse the order of the county court declaring Section 810.09, Florida Statutes (1975), unconstitutional. The cause is remanded to the trial court for proceedings not inconsistent with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS and KARL, JJ., concur.
BOYD, J., dissents with an opinion with which ENGLAND and HATCHETT, JJ., concur.
[1] 810.09 Trespass on property other than structure orconveyance. —
(1) A person commits an offense if, without being authorized, licensed, or invited, he willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given by:
(a) Actual communication to the defendant.
(b) Posting, fencing, or cultivation, as prescribed in s. 810.011.
(2) An offense under this subsection is a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if:
(a) The offender defies an order to leave, personally communicated to him by the owner of the premises or other authorized person.
(b) The offender willfully opens any door, fence, or gate or does any other act which exposes animals, crops, or other property to waste, destruction, or freedom.
Otherwise, it is a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] The information stated that the defendant:
"did then and there wilfully enter upon or remain upon property other than a structure or conveyance, to-wit: school campus, located at 3600 Northwest 5th Court, Fort Lauderdale, property of The School Board of Broward County, without being authorized, licensed or invited to be upon said property, contrary to F.S. 810.09. . . ."
[3] We note that there is no Cross-Assignment of Error making mention of the deficiency of the information in this regard. However, appellee raised this objection in his Motion to Dismiss. Because the trial judge found § 810.09, Fla. Stat. (1975), unconstitutional vel non, appellee naturally had no reason to preserve the point on appeal. We therefore feel the point is proper for consideration by this Court. *Page 543