459 So.2d 456 (1984)
STATE of Florida, Petitioner,
v.
Wondle Wayne WIMBERLY, Respondent.
No. 84-1009.
District Court of Appeal of Florida, Fifth District.
November 23, 1984.
*457 Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for petitioner.
Howard H. Babb, Jr., Public Defender, and Patricia C. Jenkins, Asst. Public Defender, Ocala, for respondent.
FRANK D. UPCHURCH, Jr., Judge.
Respondent Wondle Wimberly was charged with trespass on property other than a structure or conveyance in violation of section 810.09, Florida Statutes (1981).[1] He was convicted in county court and appealed the judgment and sentence to the circuit court. The circuit court reversed the conviction holding that the information failed to allege an essential element of the crime charged. The state has petitioned for a writ of certiorari to review the order of the circuit court. We hold that the circuit court's order departed from the essential requirements of law resulting in a miscarriage of justice and accordingly grant the petition for writ of certiorari.[2]
The amended information charged that Wimberly:
[D]id unlawfully and willfully enter or remain without being authorized, licensed or invited on the property of T and W MANAGEMENT CORPORATION, d/b/a SHEFFIELD'S TRUCK STOP, in the are, [sic care] custody and control of CHARLES WHITED located in the vicinity of 4032 N.W. CR-326, Ocala, having notice against trespass, in the violation of Florida Statute 810.09; First Degree Misdemeanor... .
Relying on State v. Dye, 346 So.2d 538 (Fla. 1977), the circuit court held that the information filed against Wimberly was fatally defective. In Dye, the defendant was charged with trespass on school property in violation of section 810.09, Florida Statutes (1975). The 1975 statute read in part as follows:
810.09 Trespass on property other than structure or conveyance. 
(1) A person commits an offense if, without being authorized, licensed, or invited, he willfully enters upon or remains in any property other than a structure or conveyance as to which notice *458 against entering or remaining is given by:
(a) Actual communication to the defendant.
* * * * * *
(2) An offense under this subsection is a misdemeanor of the first degree ... if:
(a) The offender defies an order to leave, personally communicated to him by the owner of the premises or other authorized person.
* * * * * *
Otherwise, it is a misdemeanor of the second degree... .
The information in Dye charged that the defendant:
[D]id then and there willfully enter upon or remain upon property other than a structure or conveyance, to wit: school campus ... without being authorized, licensed or invited to be upon said property, contrary to F.S. 810.09... .
In concluding that the information in Dye was fatally defective, the Florida Supreme Court explained as follows:
An information must allege each of the essential elements of a crime to be valid. 17 Fla.Jur. Indictments & Informations § 104 (1958). No essential element should be left to inference. (citations omitted)
In the instant case, the information is defective because it does not allege that `the offender defied an order to leave, communicated to him by an authorized person.' Not only does it fail to state that a person with requisite authority demanded he leave, it does not even state that anyone ordered him to leave. See Section 810.09(2)(a), Florida Statutes (1975). An essential element of the offense is therefore omitted. Such an omission must be fatal, especially where the premises are public and not the home of a named person, and it is apparent that appellee's initial entry upon the premises was lawful. (citation omitted)
346 So.2d at 541.
The opinion in Dye does not state under which subsection the defendant was charged. The result, however, would appear to be correct under either subsection. If the defendant had been charged under subsection 2(a) (as he appears to have been), the omission of any reference to defiance of an order to leave given to him by the owner or other authorized person would render the information fatally defective. And, even if the defendant had been charged under subsection (1), the information failed to refer to any notice and thus was fatally defective.
However, unlike the situation in Dye, the information here did refer to notice, specifically "notice against trespass." With regard to a charge under subsection (1), perhaps the information should have referred to notice against entering or remaining or specified how the notice was given, i.e., by actual communication or by posting, fencing or cultivation. However, the information did refer to "notice against trespass" and thus the information did not totally omit an essential element, but, at most, imperfectly or imprecisely charged an essential element. As this court has observed:
There is a difference between an information that completely fails to charge a crime and one where the charging allegations are incomplete or imprecise. The former is fundamentally defective. State v. Dye, 346 So.2d 538 (Fla. 1977). However, where the information is merely imperfect or imprecise, the failure to timely file a motion to dismiss under Rule 3.190(c) waives the defect and it cannot be raised for the first time on appeal. Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982); Kane v. State, 392 So.2d 1012 (Fla. 5th DCA 1981). The test to determine if an information is fatally defective is whether there is a total omission of an essential element of the crime, or whether the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to the substantial danger of a new prosecution for the same offense. State v. *459 Fields, 390 So.2d 128 (Fla. 4th DCA 1980). If the information recites the appropriate statute alleged to be violated, and if the statute clearly includes the omitted words, it cannot be said that the imperfection of the information prejudiced the defendant in his defense.
Jones v. State, 415 So.2d 852, 853 (Fla. 5th DCA), rev. denied, 424 So.2d 761 (Fla. 1982).
Writ of certiorari GRANTED, and the order of the circuit court reversing the judgment and sentence of the county court is QUASHED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] This section provides in part as follows:

Trespass on property other than structure or conveyance.
(1) Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s.810.011, commits the offense of trespass on property other than a structure or conveyance.
(2)(a) Except as provided in this subsection, trespass on property other than a structure or conveyance is a misdemenaor of the first degree, . ..
(b) If the offender defies an order to leave, personally communicated to him by the owner of the premises or by an authorized person, or if the offender willfully opens any door, fence, or gate or does any act which exposes animals, crops, or other property to waste, destruction, or freedom, or trespasses on property other than a structure or conveyance, he is guilty of a misdemeanor of the first degree, ...
[2] See Combs v. State, 436 So.2d 93 (Fla. 1983).