Mr. William P. Doney Town Attorney for Town of Jupiter Inlet Colony Suite 200, Barristers Building 1615 Forum Place West Palm Beach, Florida 33401
Dear Mr. Doney:
You ask my opinion on substantially the following question:
May on-duty police officers be pre-authorized to act as the agents of a private landowner for the purpose of communicating to an alleged trespasser an order to leave the private property pursuant to s. 810.09(2)(b), F.S.?
In sum, I am of the opinion that:
On-duty police officers may not be pre-authorized to act as the agents of a private landowner for the purpose of communicating to an alleged trespasser an order to leave the private property pursuant to s. 810.09(2)(b), F.S.
You state that the Jupiter Inlet Beach Club, Inc., owns a parcel of land within the Town of Jupiter Inlet Colony. Access to the lands and the facilities located thereon is limited to members and guests of the private club. Representatives of the club have stated that they wish, in advance of any purported violation of the trespass laws, to authorize all town police officers to act as the club's agent in ordering alleged offenders to leave the beach club's premises. You, therefore, ask whether such on-duty police officers may lawfully be pre-authorized to act as the private landowner's agent in communicating an order to leave the private premises pursuant to s. 810.09(2)(b), F.S.
Pursuant to s. 810.09(1), F.S., "[w]hoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given . . . commits the offense of trespass on property other than a structure or conveyance." Section 810.09(2)(b), F.S., provides:
If the offender defies an order to leave, personally communicated to him by the owner of the premises of by an authorized person . . . he is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.[1]
In considering the interpretation of the term "authorized person" for purposes of s. 810.09, F.S., The Supreme Court of Florida[2]
has stated:
"Common understanding" dictates that the phrase "other authorized person" is to be read in light of the preceding phrase "owner of the premises" . . . . In regard to private land, an "authorized person" is one who receives either express or implied authorization from the owner.
I am not aware of any statutory provision which specifically authorizes local law enforcement officers to be designated as the agents of private persons.[3] Moreover, s. 10, Art. VII, State Const., prohibits the use of public funds for a private purpose. This constitutional provision prohibits the state or any county or municipality or agency thereof from using its taxing power or credit to aid any private interest or individual. The purpose of this constitutional provision is to "protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited."[4]
There must, therefore, be "some clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be substantially and effectively accomplished, [in order] that the state or its subdivision may disburse, loan or pledge public funds or property to a [private party]."[5] The test for the expenditure of public funds municipality or other governmental entity in this state is whether the expenditure in question is for a purpose which primarily benefits the public; a benefit, if any, to private interests may only be secondary and incidental.[6]
The predesignation of on-duty law enforcement officers to act as the agents of the private landowner in communicating an order to leave the private property would appear to serve primarily a private, not public, purpose. There may be instances where, in light of an immediate threat to the public safety and welfare, it is in the public's interest to permit a law enforcement officer to order, on behalf of a landowner, an alleged trespasser to leave the property. Such a situation would depend upon the particular facts and must be determined on a case-by-case basis. However, the pre-authorization of on-duty police officers to generally act as the landowner's agent in warning individuals to leave the private landowner's property would appear to primarily benefit the private landowner rather than the public at large.
Accordingly, until legislatively or judicially determined to the contrary, I am of the opinion that on-duty police officers may not be pre-authorized to act as the agent of a private landowner for the purpose of communicating an order to leave private property to an alleged trespasser pursuant to s. 810.09(2)(b), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 775.084, F.S., was amended by s. 6, Ch. 88-131, Laws of Florida, to delete all references to misdemeanors.
[2] State v. Dye, 346 So.2d 538, 541 (Fla. 1977)
[3] Cf., Coleman v. State ex. rel. Carver, 161 So. 89 (Fla. 1935), stating that while trespass statutes are for the protection of the individual property owner, such statutes are also for the purpose of protecting society against breaches of the peace which might occur if the owner of the property is required to protect his rights by force of arms. Moreover, the Court recognized the right of the Legislature to declare what acts are criminal and to uphold such legislation unless clearly shown beyond a reasonable doubt to be unconstitutional. Section 810.09(2)(b), F.S., however, does not provide for the designation of law enforcement officers to act as the agents of the private landowner in communicating the order to leave the premises. It is only after such an order has been given by the landowner or his agent, that s. 810.09(2)(b), F.S., declares the failure to comply to be a misdemeanor for which the law enforcement officer is authorized to make an arrest.
[4] Bannon v. Port of Palm Beach District, 246 So.2d 737, 741
(Fla. 1971). And see, State v. Town of North Miami, 59 So.2d 779
(Fla. 1952), and Bailey v. City of Tampa, 111 So. 119 (Fla. 1926).
[5] O'Neill v. Burns, 198 So.2d 1, 4 (Fla. 1967).
[6] See, AGO's 79-17 (sheriff not authorized to incur expenses or use public personnel and property in operating security services by off-duty deputy sheriff for private business). And see, AGO 83-84 stating that private owners association and its members could not confer any jurisdiction on the city to regulate traffic on private property where the public did not have a right to travel for the benefit of the private property owners. The statutes were subsequently amended to authorize a municipality to exercise jurisdiction over such roads when an agreement between the private party and the municipality had been entered into, when such agreement provides, among other things, for reimbursement for the actual costs of traffic control and enforcement and for liability insurance and indemnification by the party who owns the roads.