580 So.2d 313 (1991)
Robert FOX, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2455.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
Robert Fox appeals his convictions for possession of cocaine and trespass after warning. We affirm.
Officer Edwin Gonzalez is a member of a crime suppression team which patrols the public housing project involved in this case, the Modello Housing Project, as well as other sites, in order to control crime and narcotics problems in those locations. The Modello Housing Project is posted with "no trespassing" signs on all of the buildings. On January 4 officer Gonzalez observed defendant on the premises, ascertained that he had no reason to be there, and advised him either to leave the project or be arrested for trespassing. Defendant departed.
The next afternoon at 4 p.m., the same officer again observed defendant on the grounds of the Modello Project. He again ascertained that defendant had no reason to be there and again warned him to leave. At 9 p.m. the same day, the officer again observed defendant at the Modello Project. At that time he arrested defendant for trespass after warning. In a search incident to the arrest, the officer found cocaine on defendant's person. Defendant was tried and convicted for possession of cocaine and trespass after warning.
Defendant's principal contention on this appeal is that the officer did not have the authority to warn him to leave the premises, and therefore could not arrest him for trespass after warning. We disagree.
The trespass statute creates a misdemeanor penalty "[i]f the offender defies an order to leave, personally communicated to him by the owner of the premises or by an authorized person. ..." § 810.09(2)(b), Fla. Stat. (1989) (emphasis added). In the present case the Modello Project is a publicly owned housing project managed by a Dade County employee.
*314 "On public premises, authorized personnel includes those persons who have been given either express or implied authority from the chief executive." State v. Dye, 346 So.2d 538, 542 (Fla. 1977). Under Dye, public employees who have been designated "to exercise control over [public] property constitute the class of `other authorized persons' under the statute." Id. The project manager in the present case is clearly such a person.
At trial both the project manager and the arresting officer testified about the relationship between the Modello Project and the police department with respect to efforts to control crime and the sale of drugs. The project manager certainly has the authority to enlist the assistance of the police. No particular form of words is needed in order to confer on the police the authority to warn trespassers to leave the premises, nor was it necessary under the statute that the manager's authorization to the police be given in writing. We conclude that there was sufficient evidence on which the trier of fact could find, beyond a reasonable doubt, that the police had been given the authorization to warn trespassers to leave the premises.
Affirmed.