FERGUSON, Judge.
Jones was stopped by a Key West police officer and questioned as to his reason for being on the site of a public housing project. The suspicious conduct, articulated *128 by the officer as the basis for the trespass arrest, was a refusal or inability of the defendant to give the name of a person he was there to visit. An ensuing examination of his mouth revealed trace amounts of a powdery substance which was confirmed as cocaine. We agree that the arrest was without probable cause and that the illegal substance found on Jones’s person should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
A trespass occurs, as to property other than a structure or conveyance, when a person, without being authorized, licensed, or invited, willfully enters upon or remains on another’s property “as to which notice, against entering or remaining is given, either by actual communication to the offender or by posting, fencing or cultivation....” § 810.09(1), Fla.Stat. (1991). No basis was articulated by the arresting officer as grounds for belief that the appellant had violated the statute. Particularly, there was no evidence of actual or constructive notice to the defendant against entering or remaining on the grounds of the public housing complex. Compare Fox v. State, 580 So.2d 313 (Fla. 3d DCA) (defendant’s conviction for trespass on public housing project sustained where police officer twice warned the defendant to leave premises but defendant defied the orders), rev. denied, 591 So.2d 181 (Fla.1991). For that reason the search which followed was illegal.
We agree with the defendant that his conviction for resisting an officer without violence was also flawed because it was based on an unlawful arrest. Livingston v. State, 610 So.2d 696 (Fla. 3d DCA 1992).
Reversed and remanded for further proceedings.