Interim Police Chief Ronnie Bishop Fort Walton Beach Police Department 7 Hollywood Boulevard Northeast Fort Walton Beach, Florida 32538
Dear Chief Bishop:
You ask substantially the following question:
Does an on-duty law enforcement officer have the authority to enforce a private landowner's written authorization to communicate an order to an alleged trespasser to leave the private property?
According to your letter, the Fort Walton Beach Police Department maintains a list of businesses, residences, and vacant property where the owner has given the department a letter authorizing law enforcement officers to remove trespassers from the property. Your office is aware of Attorney General Opinion 90-08, in which this office considered the authority of law enforcement officers to act as the agents of private landowners in ordering trespassers from private property. You ask whether this office maintains the opinion reached in Attorney General Opinion 90-08.
Sections 810.08 and 810.09, Florida Statutes, respectively define the offenses of trespass in a structure or conveyance and trespass on property other than a structure or conveyance. For example, section 810.09(1)(a), Florida Statutes, states that "[a] person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance . . . [a]s to which notice against entering or remaining is given, . . . commits the offense of trespass on property other than a structure or conveyance." Furthermore, section 810.09(2)(b), Florida Statutes, provides:
"If the offender defies an order to leave, personally communicated to the offender by the owner of the premises or by an authorized person . . . the offender commits a misdemeanor of the first degree, punishable as provided in s. 775.082, s.775.083."
Similarly, section 810.08(1), Florida Statutes, provides that "[w]hoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance."
Thus, to commit a trespass under the above provisions, the offender must defy an order to leave that has been personally communicated to him by the owner of the premises or some other authorized person. The statute permits an "authorized person" to "stand in the shoes of" the owner and order a trespasser to leave. The Supreme Court of Florida, interpreting the term "authorized person" for purposes of section 810.09, Florida Statutes, has stated:
"'Common understanding' dictates that the phrase `other authorized person' is to be read in light of the preceding phrase `owner of the premises' . . . . In regard to private land, an `authorized person' is one who receives either express or implied authorization from the owner."[1]
In Attorney General Opinion 90-08, this office addressed whether on-duty police officers could be pre-authorized to act as the agents of a private landowner for the purpose of communicating to an alleged trespasser an order to leave the private property pursuant to section 810.09(2)(b), Florida Statutes. This office found no statutory provision that specifically authorized local law enforcement officers to be designated as agents of private persons. Moreover, it was concluded that the predesignation of on-duty law enforcement officers to act as agents of private landowners to communicate an order to leave the private property would serve primarily a private purpose in violation of ArticleVII, section 10, Florida Constitution.[2] This office noted, however, that there may be instances where, in light of an immediate threat to the public safety and welfare, it is in the public's interest to permit a law enforcement officer to order, on behalf of a private landowner, an alleged trespasser to leave the property.[3]
During the 2000 legislative session sections 810.08 and 810.09, Florida Statutes, were amended to provide a statutory definition of the term "authorized person." Section 810.09(3), Florida Statutes, as amended by section 5, Chapter 2000-369, Laws of Florida, provides:
"As used in this section, the term `authorized person' or `person authorized' means any owner, or his or her agent, or any lawenforcement officer whose department has received writtenauthorization from the owner, or his or her agent, to communicate an order to leave the property in the case of a threat to public safety or welfare." (e.s.)
Similarly, section 810.08(3), as amended by section 4, Chapter 2000-369, Laws of Florida, defines the term "person authorized" to mean "any owner or lessee, or his or her agent, or any lawenforcement officer whose department has received writtenauthorization from the owner or lessee, or his or her agent, to communicate an order to depart the property in the case of a threat to public safety or welfare." (e.s.)
An examination of the legislative history of the 2000 amendments indicates that the definitions to sections 810.08 and 810.09, Florida Statutes, were added to address the 1990 opinion of this office.[4] Thus, unlike the situation presented in Attorney General Opinion 90-08, there is now specific legislative authorization for a law enforcement officer to act as an "authorized person" of a private landowner to order an alleged trespasser to leave the private property in the case of a threat to public safety and welfare when the law enforcement agency has received written authorization from the owner.
Accordingly, I am of the opinion that an on-duty law enforcement officer has the authority to enforce a private landowner's written authorization to communicate on behalf of the landowner an order to an alleged trespasser to leave the private property in the case of a threat to public safety or welfare. To the extent that previous opinions of this office are inconsistent with the conclusion reached herein, they are hereby modified.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] State v. Dye, 346 So.2d 538, 541-542 (Fla. 1977).
[2] Article VII, s. 10, Fla. Const., prohibits the use of public funds for a private purpose, by precluding the state, a county or municipality or agency thereof from using its taxing power or credit to aid any private interest or individual.
[3] This office noted that such situations would depend upon the particular facts and must be determined on a case by case basis.
[4] See Senate Staff Analysis and Economic Impact Statement on CS/SB 1422, dated April 20, 2000, stating that sections 2 and 3 of the bill "amend ss. 810.08 and 810.09, F.S., respectively, to provide definitions for "authorized person" and "person authorized." These terms are defined to include the owner or his or her agent or any law enforcement officer whose department has received written authorization from the owner or his or her agent to communicate an order to depart the property in the case of a threat to public safety or welfare. This provision is designed to address a 1990 Attorney General Opinion which stated that there exists no authority to preauthorize on-duty police officers to act as a private landowner's agent in warning individuals to leave the private landowner's property."
While CS/SB 1422 died on the calendar, the identical language was added to SB 2252 which was enacted as Ch. 00-369, Laws of Fla.See Senate Floor Debate on SB 2252, April 5, 2000, Tape 3 of 13, in which Senator Bronson, in explaining the amendment to the bill which added the language defining "authorized person" and "person authorized," stated that "[t]his is the subject matter of SB 1422 which is on special order."