CASANUEVA, Judge.
J.G. appeals an adjudication of delinquency after the trial court found that he had trespassed on property other than a structure or a conveyance after warning.[1] We reverse, concluding that the State failed to establish a key element of the crime.
I. Facts
Around midnight on October 3, 2011, Tampa Police Officer John Miller encountered seventeen-year-old J.G. on the premises of the Robles Park Housing Project, a property owned by the City of Tampa that is managed by the Tampa Housing Authority. Officer Miller ran J.G.’s name through his on-board computer and deter *1079 mined that the previous June, J.G. had been “trespassed off the property,” meaning he had been given a warning to stay off the housing project property for a year unless he had valid permission to be there. Apparently J.G. could not provide this valid permission, so the officer arrested him for trespass after warning. The State then filed a delinquency petition against him for that charge.
At the adjudicatory hearing, both the officer who gave the initial trespass warning to J.G. in June, Officer Cooper, and the officer who arrested him in October, Officer Miller, testified. Officer Miller stated, “I know that we have a trespass affidavit on file with the Tampa Housing Authority.” Officer Cooper testified that he was an agent of the Robles Park Housing Project through an agreement or affidavit the project management had signed with the City of Tampa giving Tampa police officers authority to issue a trespass warning and arrest a violator of that warning; and this agreement was on file at his substation. Defense counsel made proper hearsay objections to both these statements. Importantly to this case, the Robles Park manager himself did not testify, nor did the State provide any sort of documentation that the project manager had granted Tampa police officers authority to issue trespass warnings pursuant to section 810.09, Florida Statutes (2011).
To substantiate the argument that the officers’ testimonies were inadequate to establish the provenance of their authority as agents of Robles Park, defense counsel cited Fox v. State, 580 So.2d 313 (Fla. 3d DCA 1991). Defense counsel argued by contrast, saying that the State in Fox had properly presented evidence to fulfill the elements of the same charged crime, particularly the authority of the arresting officer, through testimony of the manager of the premises. Defense counsel pointed out that because the State had not made a similar showing in J.G.’s case, the hearsay motion should be granted. After lengthy discussion, highlighted by the trial court’s discussion of agency law, the trial court denied the hearsay motion. At the close of the evidence, defense counsel moved for dismissal, arguing that without the inadmissible hearsay evidence from the officers about their authority to issue trespass warnings, there was no evidence that J.G. was lawfully excluded from the housing project. The trial court denied the motion to dismiss, adjudicated J.G. delinquent, and committed him to a moderate risk residential program followed by a year of probation.
II. Analysis
In order to be convicted of trespass after warning, the defendant must have been previously ordered not to be on the premises and subsequently violated that order. Subsection (2)(b) of section 810.09 makes such violation a misdemeanor of the first degree and provides that the offender commits the offense “[i]f the offender defies an order to leave, personally communicated to the offender by the owner of the premises or by an authorized person .... ” (Emphasis added.)
Both officers’ statements — that their authority came from the management of Robles Park who had signed a document of which they were aware — are examples of classic hearsay: “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2011). Such “statement” can be, as in this case, a written assertion. See § 90.801(l)(a)(l). The document the officers described allegedly gave Tampa police officers the authority to issue trespass warnings to persons without proper authorization to be on the premises. But the evidence the court accepted to *1080 substantiate the officers’ authority to arrest J.G. for trespass after warning was insufficient for this purpose as this court recently explained in the analogous case of I.M. v. State, 95 So.3d 918 (Fla. 2d DCA 2012).
In I.M., the juvenile defendant got on his bicycle and tried to flee from the deputy who was attempting to arrest him for trespass after warning on the premises of a public library. The State had to show, as an element of trespass,[2] that the deputy had authorization from the proper authority, in this case the head librarian, to issue the initial warning and arrest for violation of that warning. Id. at 920. This court said:
“ ‘Common understanding1 dictates that the phrase ‘other authorized person’ is to be read in light of the preceding phrase ‘owner of the premises.’” State v. Dye, 346 So.2d 538, 541-42 (Fla.1977). Furthermore, “[o]n public premises, authorized personnel include[] those persons who have been given either express or implied authority from the chief executive.” Id. at 542 (concluding that with regard to a public school building, the school board was the chief executive). Here, on the morning of trial, the trial court granted defense counsel’s motion in limine to exclude any hearsay testimony by the off-duty deputy that the head librarian had given him authority to issue trespass warnings. The closest the State came to establishing such authority was asking the deputy, “As a Hills-borough County Sheriffs Deputy do you have the authority to issue trespass warnings?” The deputy responded, “We do.” This, however, is insufficient to establish that the deputy had “been given either express or implied authority from the chief executive” of the library. See Dye, 346 So.2d at 541-42; cf. Fox v. State, 580 So.2d 313, 314 (Fla. 3d DCA 1991) (finding sufficient evidence of authorization where, despite a lack of explicit testimony that chief executive gave police officer authority to issue trespass warnings, “[a]t trial both the [public housing] project manager and the arresting officer testified about the relationship between the Modello [Housing] Project and the police department with respect to efforts to control crime and the sale of drugs” and concluding that “[t]he project manager certainly has the authority to enlist the assistance of the police” (emphasis added)).
Here, the chief librarian did not testify, and the State was unable to establish the off-duty deputy’s authority. As such, the State failed to prove all the elements of trespass, and we therefore reverse the trial court’s disposition order as to that allegation. Furthermore, because the deputy was not executing a legal duty at the time I.M. attempted to ride away on his bike, we also reverse the disposition order as to the obstructing charge.
Id. at 920-21.
In I.M., the lack of evidence from the head librarian torpedoed the State’s case with respect to the source of the deputy’s authority. Similarly, the State in J.G.’s case had no evidence from the owner of the premises or other authorized person, such as the housing project’s manager, showing that he or she had given Tampa police officers authority to issue trespass warnings off these premises. Officer Cooper’s and Officer Miller’s testimonies that *1081 there was such document on file at the substation was inadmissible hearsay just as much as the librarian’s hearsay that the court in I.M. properly ruled inadmissible pursuant to a motion in limine. See 95 So.3d at 920 (“[0]n the morning of trial, the trial court granted defense counsel’s motion in limine to exclude any hearsay testimony by the off-duty deputy that the head librarian had given him authority to issue trespass warnings.”). J.G.’s counsel at trial also objected to the hearsay that the officers were offering but the trial court wrongly overruled the motion. The needed nonhearsay evidence could have come from live testimony as it did in Fox, 580 So.2d at 314 (noting that the project manager had testified about the relationship between the project and the police department respecting efforts to control crime and the sale of drugs on the project’s premises), or an exception to hearsay as in a properly authenticated business record pursuant to sections 90.803(6) and 90.902(11). But the State provided no such evidence in J.G.’s case.
III. Conclusion
I.M. is the precedent that controls the outcome of this case. Because the State provided insufficient evidence of Officer Miller’s authority to arrest J.G. for trespass after warning, J.G.’s adjudication of delinquency for such offense cannot stand.
Adjudication of delinquency reversed and disposition vacated with instructions to dismiss the charge against J.G.
KELLY and LaROSE, JJ., Concur.

. § 810.09(l)(a), (2)(b), Fla. Stat. (2011).

. This issue of the proper authorization to issue trespass warning and arrest for a violation of the trespass warning in I.M. was a threshold question before deciding whether the deputy was acting in his lawful duty to arrest the juvenile defendant for resisting, obstructing, or opposing the deputy. 95 So.3d at 920.