DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.J.M.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1506

[January 13, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael J. Orlando, Judge; L.T. Case No. 14-00533DL00A.

Carey Haughwout, Public Defender, and Jonathan Dodson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

A sign securely affixed to the outside of a McDonald's, by the front door, read: "Notice: All Coral Springs police officers are authorized to advise any person to leave these premises. Failure to leave the premises after being instructed will result in an arrest for trespass. Florida Statutes 810.09." The trial court properly admitted a photograph of the sign into evidence over appellant's hearsay objection, because the sign amounted to a verbal act authorizing the arresting officer to order appellant to leave the premises.

Appellant was charged with trespass on property other than a structure or conveyance, in violation of section 810.09(2)(b), Florida Statutes (2014), which provides, in pertinent part:

> If the offender defies an order to leave, personally communicated to the offender by the owner of the premises **or by an authorized person** . . . the offender commits a misdemeanor of the first degree.

(emphasis added). The trespass statute defines an "authorized person" as "any law enforcement officer whose department has received written authorization from the owner, his or her agent, or a community association authorized as an agent for the owner, to communicate an order to leave the property in the case of a threat to public safety or welfare." § 810.09(3). A common definition of "received" is "to have something bestowed, conferred, etc." THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 1198 (1967).

A contested issue at trial was whether the arresting officer was a person "authorized" within the meaning of section 810.09(2)(b) to order appellant to leave the premises. To prove this element of the crime, the state offered a photo of the sign described above. Appellant objected on hearsay grounds. The trial judge overruled the objection. On appeal, appellant challenges this ruling.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2014). "A 'declarant' is a person who makes a statement." § 90.801(1)(b).

The words on the sign amounted to a verbal act and not hearsay, because they had "independent legal significance—the law attaches duties and liabilities to their utterance." *A.J. v. State*, 677 So. 2d 935, 937 (Fla. 4th DCA 1996). The words went to prove that the owner of the property had conferred authority on all Coral Springs police officers to communicate an order to leave the property. Like language giving consent, the words that conferred authority on the police to act were operative once McDonald's securely posted them on the building. The words were not offered for the truth of their contents. *See State v. Welker*, 536 So. 2d 1017, 1019-20 (Fla. 1988); *Welker v. State*, 504 So. 2d 802, 806 n.3 (Fla. 1st DCA 1987); *Palmer v. State*, 448 So. 2d 55, 56 (Fla. 5th DCA 1984).

Appellant relies upon *J.G. v. State*, 114 So. 3d 1078 (Fla. 2d DCA 2013), but that case is distinguishable. *J.G.* was also a trespass case where an officer's authority was in issue; the officer vaguely testified that he was an agent of the property owner, through "an agreement or affidavit" on file at the substation. *Id.* at 1079. The second district observed that the state provided no documentation authorizing the officer to issue trespass warnings. The words conferring authority were never offered in evidence. Here, the posted signed bestowed the authority required by statute.

*Affirmed.*

GERBER and KLINGENSMITH, JJ., concur.

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*