Forst, J.
Appellant Alvin Gayle raises three arguments on appeal regarding his conviction of and sentence for the offense of lewd or lascivious battery. We affirm the trial court on all three issues. Below, we explain our holding regarding Appellant’s argument related to the hearsay nature of an exhibit introduced. We affirm on the other two issues without comment, but specifically note that our holding on Appellant’s ineffective assistance claim is based bn the lack of a definitively clear record at this stage of the proceeding. See Mansfield v. State, 758 So.2d 636, 642 (Fla. 2000). Our affirmance on this issue is without prejudice to Appellant filing a motion under Florida Rule of Criminal Procedure 3.850 and providing evidence in the trial court to support his claim.
Background
Appellant met the victim at a party thrown by Appellant’s niece, the victim’s friend at the time. When the offenses allegedly occurred, the victim was fourteen years old and Appellant was thirty-nine. Following the party at which they met, Appellant text-messaged and called the victim often. Eventually, per the State, their relationship grew sexual.
The victim testified that she and Appellant engaged in sexual relations on multiple occasions. On one particular day, Ap *658 pellant picked the victim up from school and brought her to her house. After the victim locked the door, Appellant and the victim had sex. The victim’s sister arrived home during this time. She observed Appellant come out of the victim’s bedroom (the victim was in the living room). Appellant claimed to have been in the bathroom. Appellant then left in a hurry.
The victim went to the police station and had a sexual battery evidence kit assembled. At the station, the victim’s phone had an “extraction” performed on it. The data from that extraction was assembled into an “Extraction Report,” which contained a transcript of text messages between Appellant and the victim.
Appellant was charged with lewd or lascivious battery. His defense was that the State failed to prove that he ever had sex with the victim. At trial, the Extraction Report was admitted into evidence with minimal predicate testimony, over Appellant’s hearsay objection. The Report contained text messages dating back to two months before Appellant was caught by the victim’s sister, including one in which Appellant directly stated he was having sex with the victim. This message was highlighted by the State during closing argument, with the State asking the jury, “[wjhat’s more clearer [sic] than that?”
Appellant was found guilty of one count of lewd or lascivious battery and received a minimum mandatory sentence of twenty-five years in prison as a dangerous sexual felony offender. This appeal follows.
Analysis
“[T]he question of whether evidence falls within the statutory definition of hearsay is a matter of law, subject to de novo review.” Burkey v. State, 922 So.2d 1033, 1035 (Fla. 4th DCA 2006).
“ ‘Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2015). “Except as provided by statute, hearsay evidence is inadmissible.” § 90.802, Fla. Stat. (2015).
Appellant argues that the Extraction Report was hearsay and that the State failed to lay the necessary foundation for its admission under the business records exception. See § 90.803(6), Fla. Stat. (2015); Yisrael v. State, 993 So.2d 952, 956 (Fla. 2008). The State responds that the Report was not admitted to prove the truth of the matter asserted, making it not hearsay at all, and further that the statements were Appellant’s own, placing them under the party admission exception to hearsay.[1] See § 90.803(18), Fla. Stat. (2015).
On May 19, 2015, Appellant allegedly sent a text message to the victim confirming that he was in a sexual relationship with her. This was clearly “a statement, other than one made by the declarant while testifying.” § 90.801(l)(c). The State, however, argues that this message, as well as the others, was not introduced into evidence with the intent of proving the truth of the matter asserted. See Eugene v. State, 53 So.3d 1104, 1109 (Fla. 4th DCA 2011) (holding that emails were not hearsay because they were not used to prove the truth of the assertions therein). But unlike in Eugene, the State’s closing argument in this case proves otherwise. The State used this statement as part of its attempt to prove that Appellant was having sex with the victim, and re- *659 ferred to the message as the clearest evidence of the very, thing the text asserted. This text message was hearsay.
Although normally inadmissible, hearsay may be admitted when a statutory exception is met. § 90.802-804. The State relies here on the exception found in section 90.803(18)(a), which allows the admission of “[a] party’s own statement” for use against that party. Appellant argues that he did not admit at trial that the text message was sent by him, and therefore that it was not an admission. The State, however, introducéd evidence, through the victim’s testimony, that Appellant was the person who sent the text. Appellant’s argument that he did not send the text may have been appropriate in an attempt to convince the jury the message should not be given much weight, but the victim’s testimony that he in fact sent the message was sufficient to allow its admission under section 90.803(18). See Gammon v. State, 778 So.2d 390, 392 (Fla. 2d DCA 2001) (affirming a revocation of probation based on the probationer’s own statements which, at the hearing, he denied having made, on the basis that the admissions would have been admissible under section 90.803(18)).
Appellant’s primary argument, however, is not whether his statement was admissible under section 90.803(18), but whether the State was required to establish the business records exception to hearsay in order to introduce the Extraction Report. See § 90.803(6), Fla. Stat. (2015). It appears that Appellant is attempting to argue (although he does not explicitly state as much) that the Report was its own level of hearsay requiring a second exception. See § 90.805, Fla. Stat. (2015) (dealing with “[hjearsay within hearsay”); Henderson v. State, 135 So.3d 472, 476-78 (Fla. 2d DCA 2014) (explaining the concept of double hearsay).
Per the State’s witness at trial, the Extraction Report was generated through the following procedure:
What we do is we basically extract the data from the memory on the phone. It could be a logical or physical extraction. And then the data is then parsed out and reconstructed to see what information was on the phone, which often times includes active and deleted data on the phone.
For hearsay purposes, a “statement” is “[a]n oral or written assertion” made by a “declarant.” § 90.801(l)(a)-(e), Fla. Stat. (2015). A “declarant” is “a person who makes a statement.” § 90.801(l)(b), Fla. Stat, (2015). The word “person” includes “individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations,” but does not include machines. § 1.01(3), Fla. Stat. (2015).
The text message at issue was a statement, as it was made by a person (Appellant). On the other hand, the Extraction Report was not a “statement” made by a “person”—it was created by a machine that extracted the messages from the victim’s phone. It therefore was not hearsay and, thus, a second hearsay exception was not required. See Adam Wolfson, Note, “Electronic Fingerprints”: Doing Away with the Conception of Computer-Generated Records as Hearsay, 104 MICH. L. REV. 151,157-58 (2005) (noting that a minority of states “distinguish between computer-stored records and computer-generated records, and maintain that computer-generated records cannot be hearsay because they are ‘not dependent upon the observations and reporting of a human declarant.’ ” (quoting State v. Armstead, 432 So.2d 837, 839-10 (La. 1983))).
*660 As described by the State’s, witness, the Report is much more akin to a photograph than it is to a written assertion by an individual or business. The Report shows the state of a part of the world at a given moment in time—the contents of the victim’s cell phone—in the same way that a photograph provides a record of the visible light directly in front of the lens at a given time. Neither situation involves any interpretation or assertion. See Symonette v. State, 100 So.3d 180, 183-84 (Fla. 4th DCA 2012) (holding that photographs of a phone were “genuinely what the State claims— pictures,” without suggesting that pictures were themselves a statement); see also A.J.M. v. State, 182 So.3d 895, 896 (Fla. 4th DCA 2016) (after determining that the words on a sign outside a restaurant amounted to a non-hearsay verbal act, this Court affirmed the admission of a photograph of the sign without consideration of whether the photograph itself would be hearsay). Accordingly, we hold that the Extraction Report generated by the computer program in this case is not a “statement” made by a “declarant,” and therefore is not hearsay.[2]
Our holding on this issue conforms to the decision of the Florida Supreme Court in Jean-Philippe v. State, 123 So.3d 1071 (Fla. 2013). In that ease, the court affirmed the admission of “text messages downloaded from [a] phone by law enforcement officers.” Id. at 1078, However, the main issue in Jean-Philippe was the purpose of the introduction of the messages—whether it was to prove the truth of the matter asserted. Id. at 1080. The court held that most of the messages were not admitted for this purpose, and that those that were hearsay were subject to the party admission exception under section 90.803(18)(a). Jean-Philippe, 123 So.3d at 1080. Whether the issue of double-hearsay was argued at all, or whether the court simply dismissed that argument without discussion, is unclear, as is the exact form the downloaded messages took. We therefore do not rely solely upon Jearir-Philippe in reaching our holding today. Nonetheless, the court’s conclusion that the text messages downloaded by law enforcement were not hearsay is supportive of our more detailed analysis.
Conclusion
Because the Extraction Report was not hearsay, and because the State established an exception to the hearsay that was Appellant’s own statements, we affirm the trial court’s admission of the Report. As noted above, we affirm without discussion the other issues presented in Appellant’s appeal, though we do so without prejudice to Appellant raising a Rule 3.850 claim of ineffective assistance of counsel with respect to Appellant’s rejection of a plea offered by the State.

Affirmed.

Ciklin, C.J., concurs.
Levine, J., concurs specially with opinion.

. The State does not attempt to argue that it did lay the proper foundation for the business records exception to hearsay, and the transcript confirms that the required testimony for that exception was not elicited.

. This holding should not be read as a comment on any challenge to the authenticity of a report similar to that generated in this case. Counsel here did not challenge the Report's authenticity by, for example, claiming that the Report was not an accurate representation of the data on the phone. We therefore only address the hearsay question and express no opinion on the merits of an authenticity challenge.