614 So.2d 570 (1993)
David POINTEC, Appellant,
v.
STATE of Florida, Appellee.
No. 92-752.
District Court of Appeal of Florida, Fifth District.
February 12, 1993.
*571 L.R. Huffstetler, Jr., Spring Hill, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Pointec appeals from his conviction for simple criminal trespass pursuant to section 810.09(1), Florida Statutes (1991). He argues the information which charged him solely with trespassing on a construction site pursuant to section 810.09(2)(d), does not encompass all of the elements of simple trespass. We agree, but find Pointec waived this objection and that there was sufficient evidence adduced at trial to sustain the jury's verdict.
The evidence at trial disclosed that on December 16, 1991, Pointec waited until just after dark, when all the visible workmen had left a construction site at the Hernando Beach Boat Ramp, in Spring Hill, Hernando County. He passed by street barricades with no trespassing signs to enter the property. It belongs to the Hernando Port Authority and the Authority had contracted with Simpson & Associates to build an additional boat ramp on the property.
December 16th was less than two weeks since the project commenced. The supervisor and foreman, Motley, and other workers were on the site late that night because they had just finished pouring a concrete wall, and it had not yet "set up." They were warned by an employee of the Port Authority that Pointec had been seen near the construction site. Concerned that some harm could be done to the wall, all of the workmen left the site but Motley, who remained hidden behind a mound of dirt near the wall.
Shortly after everyone appeared to have left the site, Pointec entered, dressed in dark clothing. Motley saw him. Pointec looked around and then approached the wall. He had just put his hand on a brace form supporting the wall when Motley called out "[w]hat do you think you are doing?" Motley addressed him by name, "Dave." But Pointec said he was "Don," not "Dave," and that he was there looking for a boat. Then he ran quickly from the area.
The police were called and a trespass warrant was sworn out for Pointec's arrest. He was not found that night, although his automobile was later driven away by a third person. Motley testified the same third person had earlier driven Pointec away in another vehicle shortly after the incident at the construction site.
There was also testimony that at the beginning of the project, Pointec came onto the site to talk with Motley about a job. Motley met him for the first time. He told him they had no available jobs for carpenters. He and another employee both pointed out the no trespassing signs identifying the ramp area as a construction site. They told him to leave the work area.
*572 On December 15, 1991, the night before this incident, a member of the Port Authority Board and an acquaintance of Pointec's, Saittis, happened by the boat ramp on his way home. He was surprised to see Pointec standing in water up to his waist, holding a video camera on top of his head. Saittis told Pointec to get out of the water and come up on the dry land of the construction site.
Saittis and Pointec talked about various construction flaws and defects Pointec had found with this construction project. Saittis listened, but claimed no expertise or background in construction. Pointec heads a company that has been building seawalls in Hernando County for thirteen years. He is a known critic of various construction projects handled by the Port Authority. Saittis told Pointec to go home and that he would not report this encounter to the sheriff.
The next day, Saittis and Pointec had another conversation. Saittis testified he was concerned about Pointec's obsessive behavior. He told Pointec not to return to the boat ramp construction site.
The boat ramp property is square and approximately the size of a city block. On the west is a canal filled with water. On the east is a street. This side was temporarily barricaded off with four or five sawhorses. At least three no trespassing signs were attached to the sawhorses. On the south there is a six-foot chain link fence which runs from the street to the canal. On the North another chain link fence partially closes off the ramp area from the adjoining lot.
It was further established at the trial that at the time of the alleged trespassing incident, there were no signs on the fences or on the four corners of the property. The no trespassing signs did not state the name of the owner, lessee or occupant. In addition, the letters used for the words "No Trespassing" in the signs, were less than two inches in height.
The amended information in this case charged Pointec with violating section 810.09(2)(d), a third degree felony. It said Pointec:
[d]id unlawfully and willfully enter or remain in a .. . construction site, known as Hernando Beach Boat Ramp, located at Calienta Street, Hernando Beach, the property of Hernando County, under the care, custody and control of Hernando County Port Authority, or Jay Motley or Simpson & Associates, agent or agents of the owner, and said site was legally posted and identified in substantial compliance with the statute, and the said David Pointec was not authorized, licensed, or invited to be on the property by the owner or his agents... .
Section 810.09(2)(d) enhances a trespass to a felony if the property trespassed upon is a construction site "that is legally posted and identified in substantially the following manner: `This area is a designated construction site, and anyone trespassing on this property shall, upon conviction, be guilty of a felony.'"
At the beginning of chapter 810, "Burglaries and Trespass," "posted land" is very specifically defined:
`Posted land' is that land upon which signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than two inches in height, the words `no trespassing' and in addition thereto, the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land and in such a position as to be clearly noticeable from outside the boundary line.
These posting requirements are not necessary for cultivated land, fenced land, and land where there is a dwelling (not exceeding five acres). But the subject boat ramp property does not qualify for any exception to the posting provisions.
After the state completed its case, Pointec moved for a directed verdict on the ground that the state failed to prove the site was posted as specified by section 810.011(5)(a). The trial court agreed that the signage at the boat ramp failed in many regards (size of print, name of owner, and location) to conform to section 810.011(5)(a). *573 He ruled that the definition of "posted" was intended to control section 810.09(2)(d). We agree with his analysis.
Accordingly, the trial judge directed a verdict on the construction site charge, but he ruled there was sufficient evidence to go to the jury on "simple trespass," the misdemeanor charge set forth in section 810.09(1). For simple trespass, the statute provides:
(1) Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property ... as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011 commits the offense of trespass on property... . (emphasis supplied).
The trial judge ruled that simple trespass[1] is a lesser included offense of the felony trespass charged in the information.[2] Both parties agreed and Pointec presented his defense. Primarily he denied much of the state's case, and although he admitted being on the boat ramp property, he denied any oral warning not to trespass had been given to him at any time by any person. Defense counsel also argued on closing the state failed to prove any oral "no trespass" warning had been given to Pointec.
Since the court had previously ruled that this property was not posted, fenced or cultivated, it instructed the jury that the state had to prove "actual communication" to Pointec of a notice against entering or remaining on the property,[3] in order to find him guilty of "simple trespass." R.C.W. v. State, 507 So.2d 700 (Fla. 1st DCA 1987). See State v. McCormack, 517 So.2d 73 (Fla. 3d DCA 1987). We disagree with Pointec that the state also had to prove Pointec "defied an order to leave" personally communicated to him by the owner of the premises. § 810.09(2)(b), Fla. Stat. See R.C.W. v. State.
Proof of "actual communication" in this case was an essential and necessary element of proof of simple trespass. Under these circumstances, the case against Pointec should have been dismissed because the information made no mention or reference to actual communication, or even to the applicable statute. See State v. Dye, 346 So.2d 538 (Fla. 1977). Compare State v. Wimberly, 459 So.2d 456 (Fla. 5th DCA 1984). We disagree with the trial judge that simple trespass is a lesser included offense of the felony trespass charged, because it contains this different and distinct element of proof essential in this case.[4]
However, this defect does not necessarily mandate a reversal where the jury is erroneously instructed on a crime which is not a lesser included offense of the crime alleged in the information. A conviction can still be upheld, if the defendant waived his objection on this ground, and there was sufficient proof of all the elements of the crime.[5] The supreme court said in Ray v. State, 403 So.2d 956 (Fla. 1981):
[I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when [the defendant] had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction. These conditions have not been met in the instant case, and the district court opinion is quashed. (footnote omitted)
Ray at 961.
The record in this case shows that defense counsel made no objection to the judge's ruling that simple trespass is a lesser included offense of the felony trespass *574 charged. On this point he apparently agreed with the trial judge and did not object to the jury instruction on simple trespass which was given in this case. On closing, defense counsel strongly argued the state failed to prove "actual communication." Thus, it appears this defect was waived. Ray.
Further, we agree with the trial judge that actual communication to Pointec that he should not trespass onto the boat ramp property was a jury issue in this case. Pointec denied any such notice, but Motley and Saittis both testified that before the trespass incident on the evening of December 16, 1991, they both told Pointec not to come back onto the construction site. The additional fact that Pointec denied his identity and ran when caught by Motley at the construction site strongly supports the jury's finding that he knew his presence at the boat ramp construction site the evening of December 16th was wrongful and unauthorized.
AFFIRMED.
COBB and PETERSON, JJ., concur.
NOTES
[1] § 810.09(1), Fla. Stat.
[2] § 810.09(2)(d), Fla. Stat.
[3] § 810.09(1), Fla. Stat.
[4] § 775.021(4)(a), Fla. Stat. (1991).
[5] Ray v. State, 403 So.2d 956 (Fla. 1981).