PER CURIAM.
The State appeals from an order granting the defendant, Michael Presley, a new trial. For the following reasons, we affirm.
The defendant was charged with one count of first-degree grand theft and one count of third-degree grand theft under section 812.014, Florida Statutes. The particular type of theft alleged in the information and the bill of particulars was theft by false pretenses. Specifically, the State’s bill of particulars alleged that the defendant was an officer of Prestige International Investments, which was negotiating to purchase a controlling share of stock in Aero Costa Rica. According to the bill of particulars, the defendant was appointed *907 by the court system to be a guardian of an irrevocable trust. The corpus of the trust was being held in Barnett Bank for the benefit of a brain damaged child. The bill of particulars alleged that the defendant used a bank letter regarding assets of the trust as proof of funds to induce the representatives of Aero Costa Rica to allow Prestige to purchase the stock, even though the defendant did not actually control investments of the trust funds.
The bill of particulars also alleged that the defendant committed theft by inducing World Fuel, the company that supplied Aero Costa Rica’s fuel, to continue to fuel Aero Costa Rica’s airplanes by fraudulently representing that he had sufficient funds to pay for Aero Costa Rica’s past and future debts. According to the bill of particulars, there were insufficient funds to cover the cost of the fuel and the outstanding balance, and the check received from Prestige bounced.
The case proceeded to trial in July of 2001. The defendant requested a special jury instruction setting out the essential elements of theft by false pretenses and materiality. The trial court initially indicated that it would grant the defendant’s request for the special jury instruction, but later changed its mind and merely gave the standard instruction requested by the State.
The defendant was found guilty on both counts. The defendant filed a motion for new trial. The State appeals from an order granting that motion. The defendant claims that the order granting a new trial should be affirmed because the jury was not instructed on all of the essential elements of the crimes charged. We agree.*
Where an offense may be committed in various ways, the evidence must establish that it was committed in the manner charged in the indictment or information. Warren v. State, 635 So.2d 122, 124 (Fla. 1st DCA 1994). The bill of particulars narrows the charges even further and limits the government to proof of the offense as set forth therein. See State v. Jefferson, 419 So.2d 330 (Fla.1982). In the instant case, the specific type of theft alleged in the information and the bill of particulars was theft by false pretenses. Thus, the defendant was entitled to have the jury instructed on the elements of that crime. See Koltay v. State, 360 So.2d 802 (Fla. 2d DCA 1978). See also Gross v. State, 765 So.2d 39, 47 (Fla.2000) (“Unquestionably, a defendant is entitled to have the trial court properly instruct the jury on the essential and material elements of the charged crime.”); Chicone v. State, 684 So.2d 736, 745 (Fla.1996) (“A defendant has the right to have a court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.”).
Accordingly, the order granting the defendants motion for a new trial is affirmed.

The order granting a new trial was based upon allegations of juror misconduct. We find it unnecessary to address the correctness of the order as to that issue in light of our determination that a new trial was warranted as a result of the insufficient jury instructions. See Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999) (holding that when a trial court reaches the right result, it will be upheld if there is any basis to support the judgment); Allstate Ins. Co. v. Glassman, 129 So.2d 485 (Fla. 3d DCA 1999).