932 So.2d 357 (2006)
William LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-425.
District Court of Appeal of Florida, Second District.
March 17, 2006.
*358 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
William Lewis was convicted of trespass on a construction site and petit theft. He argues that the trial court erred in denying his motion for judgment of acquittal as to the charge of trespass on a construction site, because the evidence did not establish the posting element of the offense. We agree and reverse.
Lewis was charged with trespass on a construction site pursuant to section 810.09(2)(d), Florida Statutes (2002). Section 810.09(2)(d) provides that it is a third-degree felony to trespass on "a construction site that is legally posted and identified in substantially the following manner: `THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY.'" Posted land is defined as
land upon which signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than 2 inches in height, the words "no trespassing" and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside the boundary line.
§ 810.011(5)(a), Fla. Stat. (2002).
At Lewis's trial, there was testimony that there was a sign on the victim's property quoting the language required by section 810.09(2)(d). However, all of the witnesses testified that there was only one such sign on the property, not a sign on each corner of the property as required by section 810.011(5)(a). Further, there was no testimony that the letters on the sign were two inches in height, as required by this statute.
The State argues that section 810.09(2)(d) requires only substantial compliance, that the definition of posted land in section 810.011 should not be applied to section 810.09(2)(d), and that any technical deficiency was a matter for the jury to consider. We disagree. First, we note that the term "substantially" is used in section 810.09(2)(d) to describe the particular language required to be placed on the sign, but it is not used in conjunction with the term "legally posted."
Second, we conclude that the definition of "posted land" in section 810.011 was intended to apply to the term "legally posted" in section 810.09. The only Florida case addressing this issue is Pointec v. State, 614 So.2d 570 (Fla. 5th DCA 1993). In Pointec, 614 So.2d at 573, the Fifth District held that the definition of "posted" was intended to control section 810.09(2)(d). We agree with the Fifth District and believe that this reasoning is supported by the legislature's use of the language "legally posted" in section 810.09(2)(d), instead of merely providing that a construction site must be "posted in substantially the following manner. . . ."
The trial court in the instant case similarly found no merit in the argument raised by the State. It found that the *359 language regarding posting requirements in both statutes must be read in pari materia and that the court in Pointec correctly applied the definition of posted to section 810.09(2)(d). However, the trial court found that posting was not required pursuant to section 810.011(5)(b), because there was a dwelling on the property. We conclude that the trial court erred in applying this exception to the posting requirement. Dwelling is defined by section 810.011(2) as a building or conveyance that has a roof over it. Here, although the foundation of the house was complete and partial walls had been constructed, there was no roof on the residence. Therefore, it did not meet the definition of dwelling and the property was required to be legally posted.
Accordingly, because the signage in the instant case did not meet the requirements of section 810.09(2)(d) and section 810.011(5)(a), we reverse Lewis's conviction for trespass on a construction site. Lewis's conviction and sentence for petit theft is affirmed.
We note that the size of the property at issue was only 50 by 100 feet. However, neither section 810.011(5)(a) nor section 810.09(2)(d) provide for an exception to the posting requirements for properties of this size. If the legislature did not intend to require more than one sign on construction sites that are as small as the one here, hopefully it will consider amending the statute to address this type of factual pattern.
Affirmed in part; reversed in part.
FULMER, C.J., and WALLACE, J., Concur.