959 So.2d 1252 (2007)
V.B., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1819.
District Court of Appeal of Florida, Third District.
July 5, 2007.
*1253 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, and Emily Lora Mallor and Christopher J. Smith, Certified Legal Interns, for appellant.
Bill McCollum, Attorney General and Juliet S. Fattel, Assistant Attorney General, for appellee.
Before GREEN and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
GREEN, J.
This is an appeal from an order withholding an adjudication of delinquency for trespass and placing the juvenile appellant, V.B., on probation for one year with early termination. We reverse based upon our conclusion that the State failed to prove the crime of trespass as charged.
V.B., a juvenile, was arrested on April 12, 2006 for trespass on property other than a structure or conveyance. On that date, V.B. was found in Amelia Earhart Park after closing hours. Specifically, the petition for delinquency charged that:
THIS CHILD, ON OR ABOUT APRIL 12, 2006, IN MIAMI-DADE COUNTY, FLORIDA, DID UNLAWFULLY AND WILLFULLY, WITHOUT BEING AUTHORIZED, LICENSED OR INVITED ENTER UPON REMAIN [SIC] IN THE PROPERTY OF [MIAMI DADE PARKS AND RECREATION, D/B/A AMELIA EARHART PARK AND/OR ROBERT COUNCIL] LOCATED IN THE VICINITY OF 11900 N.W. 42 AVENUE, HAVING RECEIVED NOTICE AGAINST ENTERING OR REMAINING GIVEN BY POSTING, FENCING, OR CULTIVATION AS DESCRIBED IN S. 810.011 FLA. STAT., IN VIOLATION OF S. 810.09(2)(A) AND 777.011 FLORIDA STATUTES.
At the adjudicatory hearing, the State presented evidence establishing that at approximately 3:45 a.m. on the date in question, V.B. and two other juveniles were found at Amelia Earhart Park by a park security guard who was patrolling the park.[1] The park is surrounded by three different kinds of fencing. To enter the park by car, one must enter through a gate designed for vehicular traffic. This gate is closed each evening at sunset. Pedestrians can enter the park through an open passageway that is not gated and is never closed. There was testimony that "No Trespassing" signs were posted throughout the park, but no evidence as to where or how many. After the State rested, counsel for V.B. moved for a judgment of acquittal on grounds that the State failed to establish that V.B. had been put on notice as required by the statute. This motion was denied.
V.B. testified that he entered the park through the open pedestrian passageway. He also stated that he did not see a "No Trespassing" sign upon entering the park. At the close of all of the evidence the trial court denied V.B.'s renewed motion for judgment of acquittal and found V.B. guilty of trespass. Adjudication was withheld and V.B. was placed on probation. This appeal followed.
*1254 It is well-settled that when an offense can be committed in various ways the evidence presented at trial must establish that the offense was committed in the manner alleged in the charging document. Lewis v. State, 53 So.2d 707, 708 (Fla. 1951)("No principle of criminal law is better settled than that the State must prove the allegations set up in the information or the indictment."). See also Crain v. State, 894 So.2d 59, 69 (Fla.2004); Long v. State, 92 So.2d 259, 260 (Fla.1957); State v. Presley, 824 So.2d 906, 907 (Fla. 3d DCA 2002). Here, the State charged V.B. with trespass after "having received notice against entering or remaining given by posting, fencing, or cultivation," as described in Florida Statute 810.011 (2006).[2]
Section 810.011(5)(a) specifically describes the requirements for providing notice by posting with regards to trespass:
Land upon which signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than 2 inches in height, the words "no trespassing" and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside the boundary line.
Strict compliance with these requirements is necessary to constitute proper constructive notice via posting. See Lewis v. State, 932 So.2d 357, 358 (Fla. 2d DCA 2006). Here, the State failed to prove strict compliance with the statutory requisites. Indeed, the only evidence presented proved that there were signs posted throughout the park. There was no evidence regarding the number of signs, the location of the signs, and/or the content and lettering size of the signs. Accordingly, the State failed to prove constructive notice via posting.
Similarly, the State failed to prove that V.B. had constructive notice against trespassing by way of "fencing." Fenced land is defined as "land which has been enclosed by a fence of substantial construction, whether with rails, logs, post and railing, iron, steel, barbed wire, other wire, or other material, which stands at least 3 feet in height." § 810.011(7), Fla. Stat. (2006). In this case, the evidence showed that the park was not "enclosed" by fencing in that there is an open pedestrian passageway that has no gate or closing apparatus.
Because the park was not adequately enclosed so as to meet the statutory requirement of "fenced land," and because there was no evidence that the park had the requisite "No Trespass" notices, the State failed to meet its burden of establishing that V.B. had constructive notice that the park was closed. Therefore, the motion for acquittal should have been granted.
Accordingly, we reverse.
NOTES
[1] Amelia Earhart Park is a 450 acre public park, located in Miami-Dade County, that consists of picnic pavilions, boat rentals, special event areas, and a sports complex.
[2] Cultivation is not at issue in this case.