BERGER, J.
Michael D. Higgs, Sr. (“Higgs”) timely appeals his conviction for trespass on a construction site, a third-degree felony.[1] He argues that the trial court erred by denying his motion for a judgment of acquittal and failing to properly instruct the jury on the offense. We agree and reverse.
On January 31, 2012, Higgs and his son entered a gated construction site at ESPN’s Wide World of Sports, where they loaded scrap metal onto their pickup truck. This occurred in broad daylight, in sight of a number of workers. Higgs and his son were stopped on their third trip to the site. Higgs claimed that he had permission to enter the site and salvage the scrap, but was unable to name the Disney employees who allegedly gave him permission.
Higgs and his son were arrested and prosecuted for trespass on a construction site. At trial, the State presented two witnesses — Richard Matthews, the security manager for ESPN’s Wide World of Sports, and Deputy Wilder, who responded to the call regarding a trespass complaint at the site. Matthews testified that the site was fully fenced and double-gated with just one entrance. He had been called to the scene by the construction manager, who had not given Higgs permission to load the scrap. Matthews had the two men “trespassed” when the deputy arrived, telling him they did not have permission to be on the property. Deputy Wilder took photographs of the site, which were introduced into evidence. They depicted the site and showed that the single sign posted on the property was posted outside the fence at the only entrance to the site. The sign warned that the area was a designated construction site and anyone who trespassed would be prosecuted “to the fullest extent of the law.” However, no evidence of any kind was offered as to the size of the site, except for Higgs’ testimony that he believed the site was more than two acres. Nor was any evidence offered regarding the size of the letters on the sign shown by the photograph.
*413 The only evidence disputing Higgs’ claim that he had permission to enter the site was the deputy’s testimony that the security manager said he had instructed security personnel not to let anyone onto the site for any reason, except for construction workers. However, the security manager himself admitted that it was possible someone had given Higgs permission to enter the site, and the deputy- never spoke to anyone other than the security manager.
At the close of the State’s case, the trial court denied Higgs’ motion for a judgment of acquittal, which was based on the State’s failure to show the size of the site, and that it was “legally posted,” as alleged in the information. Because of the failure to show the actual size of the property, the trial court determined that the jury was allowed to presume that the property was one acre or less, and instructed the jury in accordance with that presumption. This was error.
The offense of trespass on a construction site is an enhancement of the offense of trespass on property other than a structure or conveyance, which is set forth in section 810.09(1), Florida Statutes. Simple trespass is a misdemeanor of the first degree. § 810.09(2)(a), Fla. Stat. Section 810.09(2)(d), Florida Statutes, provides for increased penalties if the trespass involves a construction site and certain additional requirements are met. The statute provides:
(d) The offender commits a felony of the third degree, punishable as provided in s.775.082, 775.088, or s.775.084, if the property trespassed is a construction site that is:
1. Greater than 1 acre in area and is legally posted and identified in substantially the following manner: “THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY.”; or
2. One acre or less in area and is identified as such with a sign that appears prominently, in letters of not less than 2 inches in height, and reads in substantially the following manner: “THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY.” The sign shall be placed at the location on the property where the permits for the construction are located. For construction sites of 1 acre or less as provided in this subparagraph, it shall not be necessary to give notice by posting as defined in s.810.011(5).
§ 810.09(2)(d), Fla. Stat.
These statutes establish two mutually exclusive forms of trespass on a construction site — trespass on a construction site of one acre or less and trespass on a construction site of more than one acre. The difference between the offenses lies in how the different sized properties are posted. Smaller construction sites of one acre or less do not have to be “posted” in accordance with section 810.011(5), Florida Statutes. It is sufficient if the area is identified as a construction site by a sign that appears “prominently” and in letters of not less than two inches in height, which reads in substantially the following manner: “THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY.” § 810.09(2)(d)2., Fla. Stat. On smaller sites, the sign is to be placed “at the location on the property where the permits for the construction are located.” § 810.09(2)(d)2., Fla. Stat.
Larger construction sites require substantially more signage, presumably to en *414 sure that a defendant has been warned and knowingly trespasses on a designated construction site. For construction sites of more than one acre, warning signs must be posted in accordance with section 810.011(5), Florida Statutes, which defines “posted land” for the purposes of the burglary and trespass statutes. Generally, this means that signs must be placed at each corner of the boundaries of the land, and no more than 500 feet apart along the boundaries of the land, and the lettering must be at least two inches in height. § 810.011(5), Fla. Stat. In addition, the sign must include the name of the owner, lessee, or occupant of said land. Id.
Here, the information did not specify which subsection of the statute Higgs was alleged to have violated. It simply asserted that Higgs
without being authorized, licensed or invited, did willfully, in violation of Florida Statute 810.09(2)(d), enter or remain on a certain construction site, to-wit: ESPN Wide World of Sports, the property of Walt Disney World and RICHARD J. MATTHEWS, as owner or custodian, such construction site being legally posted and identified in substantially the following manner: “This area is a designated construction site, and anyone who trespasses on this property commits a felony.”
While the information asserted that the site was “legally posted,” proof of legal posting would satisfy the requirements of either subsection (d)l. or (d)2. of section 810.09(2).
Because Higgs was not charged with violating any specific subsection of the statute, and the State failed to produce any evidence as to the size of the construction site, the State argues that the evidence was sufficient for the jury to conclude that the property was one acre or less. The State then assumes it was entitled to show that the property was posted in accordance with subsection (d)2., Florida Statutes. However, the posting requirements of the two subsections are not interchangeable, and because the information alleged that the site was “legally posted,” these are the facts to be proved by the State. The State’s failure to prove this element of the offense plainly required the lower court to enter judgment in Higgs’ favor. See, e.g., Lewis v. State, 932 So.2d 357 (Fla. 2d DCA 2006) (reversing conviction for trespass on a construction site where State failed to prove letters on sign were two inches in height and evidence showed property was not “legally posted”); [2] see also Lebron v. State, 127 So.3d 597, 605 (Fla. 4th DCA 2012) (stating the general rule that where an offense may be committed in various ways, the evidence must establish it was committed in the manner charged in the indictment; the indictment or information may allege them in the conjunctive and proof of one will suffice, but if only one of the state of facts is alleged, it cannot be established by proof of the other).
The State concedes error as it relates to the jury instructions and asks for the case to be remanded with instructions to enter judgment for trespass on property other than a structure or conveyance under section 810.09(1)(a), Florida Statutes. As authority for this procedure, the State cites to section 924.34, Florida Statutes (2011), which provides:
When the appellate court determines that the evidence does not prove the *415 offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
The statute is inapplicable, however, as there is no “lesser statutory degree of the offense” of which Higgs can be convicted. Moreover, while simple trespass of property that is legally posted would appear to be a “lesser” offense necessarily included in the offense charged, “legal posting” was not proved here, and the information made no reference to the other different and distinct elements of proof of simple trespass, namely actual communication, fencing, or cultivation. See Pointec v. State, 614 So.2d 570, 573 (Fla. 5th DCA 1993) (explaining simple trespass is not a lesser included offense of felony trespass when different and distinct elements of proof for simple trespass are not mentioned or referenced in the information). Accordingly, we reverse Higgs’ conviction for trespass on a construction site. Because of our ruling on this issue, we do not reach Higgs’ complaint that the jury instructions were flawed.
REVERSED.
TORPY, C.J., and EVANDER, J., concur.

. § 810.09(2)(d), Fla. Stat. (2011).

. Lewis was decided before the addition of the provision allowing for conviction for trespass on a construction site of one acre or less, with reduced signage requirements. In fact, the court suggested that reduced signage requirements might be preferable for smaller plots, which may have resulted in the subsection. 932 So.2d at 359.