# Third District Court of Appeal

## State of Florida

Opinion filed August 11, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-732
Lower Tribunal No. F19-10389
_____

**Calvin Couch,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Carlos J. Martinez, Public Defender, and James A. Odell, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Calvin Couch appeals his conviction and sentence for trespass on legally posted horticultural property under section 810.09(2)(e), Florida Statutes.[1] We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Couch argues the trial court erred in denying his motion for judgment of acquittal because the State failed to present sufficient evidence that Cynthia Zanki's horticultural property was "legally posted," as required by statute. See § 810.09(2)(e), Fla. Stat. We agree, reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In May of 2019, Couch was found on Zanki's property by her neighbor, Elmund Buckley. Buckley noticed a truck parked near Zanki's property and called the Miami-Dade County Police Department's Agricultural Patrol Unit to provide the vehicle information. When he approached the truck, he observed lychee fruit inside. He then noticed Couch breaking branches off Zanki's lychee trees. Following an exchange between Buckley and Couch, Couch placed the lychee in his truck and drove away. Shortly thereafter, Couch was stopped by the police, and ultimately arrested by Officer Jorge Carmona of the Agricultural Patrol Unit.

---

[1] Although Couch was also found guilty of petit theft, he does not argue for reversal of this conviction on appeal. Thus, we affirm the conviction and sentence, as it pertains to Count II of the information, petit theft.

The State filed an information charging Couch with trespass on horticultural property, in violation of section 810.09(2)(E), Florida Statutes; and petit theft, in violation of section 812.014(2)(E), Florida Statutes. The case proceeded to jury trial.

At trial, the State called Buckley, Zanki, and Officer Carmona as witnesses. Buckley testified that he had seen Couch taking lychee from Zanki's property and that he called the police. He also testified that the property was identified as horticultural, with both agricultural and trespass warning signs posted.

Zanki testified that she had never given Couch permission to enter her property. She further testified that there are signs on her property with a trespass warning located along the back and along a fenced side. A photograph of the sign was admitted in evidence. The sign warned that the area was "designated commercial property for horticulture products, and anyone who trespasses on the property commits a felony." No additional evidence was offered about the signs, such as size, how many were located throughout the property, or how far apart they were placed. Officer Carmona stated that he observed three signs on one side of the property and a fence all around.

3

At the close of the State's case, Couch moved for a judgment of acquittal on the trespass count, arguing the State had not presented sufficient evidence that the property was "legally posted," as alleged in the information. The court denied that motion. Couch then asked that the jury be instructed on simple trespass, as a lesser-included offense of trespassing on horticultural property. The State opposed this, as simple trespass was not charged in the information. Over defense objection, the court did not instruct the jury on simple trespass.

The jury later returned a verdict of guilty on both counts. Couch renewed his motion for judgment of acquittal, arguing the trial court erred in denying the judgment of acquittal because the State "failed to prove that the warning signs were properly posted in accordance with the statute defining "posted land." Following denial of Couch's renewed motion for judgment of acquittal, the court sentenced him.

**LEGAL ANALYSIS**

"The offense of trespass on [commercial horticultural property] is an enhancement of the offense of trespass on property other than a structure or conveyance, which is set forth in section 810.09(1), Florida Statutes." Higgs v. State, 139 So. 3d 411, 413 (Fla. 5th DCA 2014). Simple trespass is a first-degree misdemeanor. See § 810.09(2)(a), Fla. Stat. Trespass on

commercial horticultural property, however, is a felony of the third degree, where certain conditions are satisfied. Id. at § 810.09(2)(e). The statute provides:

> The offender commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property trespassed upon is commercial horticulture property and the property is legally posted **and** identified in substantially the following manner: "THIS AREA IS DESIGNATED COMMERCIAL PROPERTY FOR HORTICULTURE PRODUCTS, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY."

§ 810.09(2)(e), Fla. Stat. (emphasis added). Under this statute, to establish trespass on commercial horticultural property, the property must be "legally posted."

The term "legally posted" is not defined in either section 810.09 or 810.011. "In the absence of a statutory definition, resort may be had to case law or related statutory provisions which define the term, and where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense." State v. Hagan, 387 So. 2d 943, 945 (Fla. 1980) (citations omitted). We observe, then, that section 810.011(5)(a) does define "posted land." That section states that

> "Posted land" is that land upon which: 1. Signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of

5

not less than 2 inches in height, the words "no trespassing" and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside the boundary line . . . .[2]

§ 810.011(5)(a), Fla. Stat. Numerous Florida courts have interpreted the definition of "posted land" and applied it to the enhanced trespassing crimes on certain properties to satisfy the requirement that the land be "legally posted." See Lewis v. State, 932 So. 2d 357, 358 (Fla. 2d DCA 2006) ("[T]he definition of 'posted land' in section 810.011 was intended to apply to the term 'legally posted' in section 810.09."); Higgs, 139 So. 3d at 414 (holding that because the State alleged in the information that the site was "legally posted," it was required to prove that the site was posted in compliance with section 810.011(5)(a) for the conviction to stand); Borrico v. State, 276 So. 3d 458, 460 (Fla. 5th DCA 2019) (quoting the definition of "posted land" from section 810.011(5)(a) to explain when "[a] site is 'legally posted'"). "[T]his reasoning is supported by the legislature's use of the language 'legally posted' in section 810.09(2)(d), instead of merely

---

[2] This section goes on to provide another signage method for property owners to post their land, but signage in compliance with subsection 1 must still accompany the alternative posting.

6

providing that [horticultural property] must be 'posted in substantially the following manner . . . .'" Lewis, 932 So. 2d at 358.

"The State failed to elicit any testimony regarding the distance between the signs, the location of the signs in relation to the boundaries and corners of the property, [or] the height of the lettering on the signs . . . ." Borrico, 276 So. 3d at 461. The State also failed to prove that the signs include the name of the owner, lessee, or occupant of the land. Because the information specifically charged Couch with trespassing on commercial horticultural property, in violation of section 810.09(5)(a), Florida Statutes, and the State failed to introduce sufficient evidence to prove the site was legally posted, the trial court erred in denying Couch's motion for judgment of acquittal as to Count I. Accordingly, we reverse Couch's conviction for trespass on horticultural property and remand for entry of judgment of acquittal as to that count.[3]

Affirmed in part, reversed in part and remanded.

---

[3] Because Couch was not charged with and the jury was never instructed on simple trespass, reversal for entry of a judgment on simple trespass would be improper.

7