COPE, J.
This is an appeal of an adjudication of delinquency in which D.J. was found to have trespassed on school property after being directed not to enter the property. See § 810.097(2), Fla. Stat. (2009). The evidence showed that the school security guard had directed D.J. not to enter the school property.
D.J. argues that the trial court should have entered a judgment of dismissal because the State failed to produce any evidence that the school security guard was designated by the principal as a person who could direct D.J. not to enter the school property. The statute provides, “Any person who enters or remains upon the campus or other facility of a school after the principal of such school, or his or her designee, has directed such person to leave such campus or facility or not to enter upon the campus or facility, commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor of the first degree....” Id. At trial the State did not introduce any evidence that the security guard was a designee of the principal for these purposes.
We agree with the trial court in rejecting the defense argument. As the Florida Supreme Court explained in Downer v. State, 375 So.2d 840 (Fla.1979), which involved a similar statute:
We do not believe, however, that the identity and authority of those who have withheld permission to enter certain portions of a public facility are elements of the trespass statute. It is sufficient if the prosecutor establishes that the defendant was on notice that he was not authorized to enter the portion of the public building in which the alleged trespass occurred. Only if the defendant at trial challenges the authorization of one who has posted notice of or who has otherwise communicated this restriction, is the state required to prove the identity of the individual and his authority to restrict access to the portion of the public facility in question.
Id. at 845-46; R.C.W. v. State, 507 So.2d 700, 701-02 (Fla. 1st DCA 1987). The motion for judgment of dismissal was correctly denied.
Affirmed.