67 So.3d 1029 (2011)
D.J., Petitioner,
v.
STATE of Florida, Respondent.
No. SC10-1852.
Supreme Court of Florida.
July 7, 2011.
*1030 Carlos J. Martinez, Public Defender, and Brian L. Ellison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Pamela Jo Bondi, Attorney General, Tallahassee, FL, Richard L. Polin, Bureau Chief, and Nicholas Merlin, Assistant Attorneys General, Miami, FL, for Respondent.
QUINCE, J.
We have for review the decision of the Third District Court of Appeal in D.J. v. State, 43 So.3d 176 (Fla. 3d DCA 2010). In its opinion, the Third District affirmed a juvenile's conviction for trespassing upon the grounds of a school facility in violation of section 810.097(2), Florida Statutes (2009). We granted review to resolve a conflict between the Third District's decision and the decision of this Court in State v. Dye, 346 So.2d 538 (Fla.1977), on the question of whether the prosecution must prove the identity of the individual who warned the defendant to leave the grounds of the school, and that individual's authority to restrict access to the property, as essential elements of the trespass offense.[1] We conclude that the individual's identity and authority are essential elements of the offense and quash the decision of the Third District. Further, because in this case the State failed to present any evidence demonstrating that the petitioner was warned to leave by the school's principal or a designee of the principal, we find that the petitioner's conviction must be vacated.

BACKGROUND
The petitioner in this case is D.J., a juvenile. On January 14, 2009, a petition for delinquency was filed in the Eleventh Judicial Circuit charging the petitioner with a violation of section 810.097(2), Florida Statutes (2009). The statute provides:
Any person who enters or remains upon the campus or other facility of a school after the principal of such school, or his or her designee, has directed such person to leave such campus or facility or not to enter upon the campus or facility, commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor in the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 810.097(2), Fla. Stat.
At a bench trial on the petition, the State's primary witness testified that she was employed as a security guard at Charles Drew Middle School in Miami-Dade *1031 County. When asked what her responsibilities were as a security guard, the witness replied that her job was to monitor students' behavior. The witness testified that on January 12, 2009, she encountered the petitioner on the school's grounds, recognized that he was not a student there, and told him that he would have to leave. The next day, the witness again observed the petitioner on school grounds. She notified the school's police officer, who arrested the petitioner for trespassing.
Following the presentation of the State's evidence, the defense moved for a judgment of dismissal. See Fla. R. Juv. P. 8.110(k). Specifically, the defense argued that section 810.097(2) requires the State to prove, as an essential element of the trespass offense, that the defendant was warned to leave the school either by the school's principal or by a person to whom the principal had granted authority to restrict access to the property. The defense asserted that the State had presented no evidence that the security guard was authorized to order persons to leave the school. The trial court agreed with the defense that no evidence of the security guard's authority had been presented. However, after considering argument by the parties, the trial court concluded that the statute did not require the State to present evidence of the security guard's authority to restrict access to the school. Based on this conclusion, the trial court found the petitioner guilty of the charged offense. The petitioner was later adjudicated delinquent and committed to the custody of the Department of Juvenile Justice.
The adjudication was appealed to the Third District Court of Appeal. Like the trial court, the Third District observed that no evidence had been presented at trial concerning the security guard's status as a designee of the school's principal. See D.J. v. State, 43 So.3d 176, 177 (Fla. 3d DCA 2010). However, the Third District also agreed with the trial court that the State was not required to present such evidence. Quoting Downer v. State, 375 So.2d 840 (Fla.1979), the district court stated:
We do not believe . . . that the identity and authority of those who have withheld permission to enter certain portions of a public facility are elements of the trespass statute. It is sufficient if the prosecutor establishes that the defendant was on notice that he was not authorized to enter the portion of the public building in which the alleged trespass occurred. Only if the defendant at trial challenges the authorization of one who has posted notice of or who has otherwise communicated this restriction, is the state required to prove the identity of the individual and his authority to restrict access to the portion of the public facility in question.
D.J., 43 So.3d at 177 (quoting Downer, 375 So.2d at 845-46). The Third District accordingly concluded that the motion for judgment of dismissal was properly denied. See id.
D.J. filed a petition for review in this Court based on an asserted express and direct conflict between the Third District's decision below and the decision of this Court in State v. Dye, 346 So.2d 538 (Fla. 1977). We granted review, dispensing with oral argument pursuant to Florida Rule of Appellate Procedure 9.320. See D.J. v. State, 47 So.3d 1287 (Fla.2010). Based on our consideration of Dye as well as the clear language of section 810.097(2), we find that the Third District's conclusion was error.

ANALYSIS
The constitutional guarantee of due process requires that all essential elements *1032 of an offense must be proved by the prosecution beyond a reasonable doubt. See State v. Barnum, 921 So.2d 513, 519 (Fla.2005) (citing Fiore v. White, 531 U.S. 225, 229, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001)). The question presented in this case is whether the identity and authority of a person who has warned a defendant to leave a school are essential elements of the offense of trespass upon the grounds of a school facility as set out by section 810.097(2), Florida Statutes (2009). The statute provides that a person commits a misdemeanor of the first degree by entering or remaining on the grounds of a school "after the principal of such school, or his or her designee, has directed such person to leave such campus or facility or not to enter upon the campus or facility." § 810.097(2). The elements of a criminal offense are a matter of statutory interpretation, which we address under the de novo standard of review. See State v. Sigler, 967 So.2d 835, 841 (Fla.2007).
Initially, we observe that the facts of this case are nearly identical to those presented in State v. Dye, 346 So.2d 538 (Fla. 1977). The defendant in that case was arrested after being ordered to leave the grounds of a school by the school's custodian, and after refusing to leave. He was subsequently charged with trespassing on school property in violation of section 810.09, Florida Statutes (1975) ("Trespass on property other than a structure or conveyance.").[2] At the time of the conviction, section 810.09(2) stated that a person would commit a misdemeanor of the first degree where that person "defie[d] an order to leave, personally communicated to him by the owner of the premises or other authorized person." See § 810.09(2)(a), Fla. Stat. (1975).[3] The trial court dismissed the charges based on its conclusion that the statute was unconstitutionally vague and overbroad. See Dye, 346 So.2d at 540-41.
On review by this Court, we rejected the trial court's finding that the statute was unconstitutional but affirmed its decision to dismiss the charges based on our conclusion that the charging document was deficient. We explained that "[a]n information must allege each of the essential elements of a crime to be valid." Id. at 541. In Dye's case, we determined that the information was defective because it did not allege that "the offender defied an order to leave, personally communicated to him by an authorized person." Id. (quoting § 810.09(2)). We stated, "Not only does [the information] fail to state that a person with requisite authority demanded he leave, it does not even state that anyone ordered him to leave." Id.
This Court's opinion next addressed the specific proof that would be required to support a conviction for violating section 810.09(2) under the circumstances presented in Dye. Our discussion focused on the meaning of the phrase "other authorized *1033 person" within the context of the statute. We explained:
"Common understanding" dictates that the phrase "other authorized person" is to be read in light of the preceding phrase "owner of the premises" and in pari materia with other statutes controlling the delegation of authority to limit or withdraw access to specific types of public land. In regard to private land, an "authorized person" is one who receives either express or implied authorization from the owner. On public premises, authorized personnel includes those persons who have been given either express or implied authority from the chief executive.
Dye, 346 So.2d at 541-42. In the case of a public school, we found that the chief executive was the school board. Thus, in order to prove that a defendant violated section 810.09(2) for the purposes of a trespass on a school, the State was required to demonstrate that the defendant was ordered to leave the school by an employee of the school board who was given authority to exercise control over school property. We held: "Whether an individual has express or implied authority then is a fact which must be stated in the information and proved by the prosecution at trial." Id. at 542 (emphasis added).
Although the two cases concerned prosecutions under different trespass statutes, the parallels between Dye and the instant case cannot be avoided. When viewed in pari materia with section 810.09, it becomes clear that section 810.097 grants to the principal of a school the same authority that is granted to the owner of private property by section 810.09, namely, the authority to order persons to either leave the premises or face criminal sanction. Moreover, just as we concluded that the phrase "other authorized person" in section 810.09(2) referred to one who had received either express or implied authorization from the property's owner to exercise control over the property, we find that the phrase "his or her designee" in section 810.097(2) necessarily refers to one who has received express or implied authorization from the school's principal to exercise control over the property of the school. Accordingly, to prove that a defendant has committed the first-degree misdemeanor set out in section 810.097(2), the State must present evidence that the defendant was (1) warned to leave the premises by a specific person, and (2) that that person was either the principal of the school or one who had received authorization from the principal to restrict access to the property.
That the identity and authority of the person who has warned a defendant to leave is an essential element of the offense is supported by the plain language of the statute, which clearly states that the offender must have been warned to leave the property "by the principal of such school, or his or her designee." § 810.097(2). This conclusion is also supported by the language of the standard jury instruction on the offense, which was approved by this Court in 2007. See In re Std. Jury Instructions in Crim. CasesReport No. 2006-2, 962 So.2d 310 (Fla.2007). The instruction states:
To prove the crime of Trespass on School Grounds or Facilities after Warning by Principal or Designee, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) entered or remained on the campus or facility of (school name).
2. The principal or [his][her] designee [told or directed the defendant to leave the campus or facility] [told the defendant not to enter the campus or facility] of (school name).

*1034 Fla. Std. Jury Instr. (Crim.) 13.5(b) ("Trespass on School Grounds or Facilities after Warning by Principal or Designee") (emphasis added). Thus, the instruction clearly requires the prosecution to prove that the defendant was directed to leave or refrain from entering the premises by either the principal or a designee of the principal.
Furthermore, the primary decision relied on by the district court, Downer v. State, 375 So.2d 840 (Fla.1979), is not applicable to the current language of section 810.097(2). In Downer, we reviewed several convictions for trespassing in a structure or conveyance in violation of section 810.08, Florida Statutes (Supp.1976). The appellants in that case were members of an organization that had conducted a "consumer inspection" of the maternity section of a hospital. See Downer, 375 So.2d at 842-43. In doing so, the appellants had passed several signs stating that visiting hours were over, as well as other signs stating that they were not permitted to enter those areas of the hospital. See id.
In Downer, this Court addressed the appellants' argument that the trial court should have granted a motion for judgment of acquittal. Similar to the claim raised in Dye, the appellants argued that "[b]ecause the state did not introduce evidence as to the identity of those who had placed the restrictive signs in the hospital, nor proof of their authorization to do so, it purportedly failed to establish a prima facie case." Downer, 375 So.2d at 845. We rejected that argument, concluding that the identity and authority of the persons who had restricted access to the property were not elements of section 810.08. Instead, we held that the lack of such authority on the part of those who had imposed the restriction could be raised by the defendant as an affirmative defense. See id. at 845-46 ("Only if the defendant at trial challenges the authorization of one who has posted notice of or who has otherwise communicated this restriction, is the state required to prove the identity of the individual and his authority to restrict access to the portion of the public facility in question.").
Importantly, however, the language of the statute that was at issue in Downer was materially distinguishable from that of the statute we reviewed in Dye. At the time of Downer's conviction, the relevant portion of section 810.08 stated:
Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance or, having been authorized, licensed, or invited is warned to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.
§ 810.08(1), Fla. Stat. (Supp.1976). In contrast to section 810.09(2), Florida Statutes (1975), which we addressed in Dye, section 810.08 did not state that the offender must have been warned to leave by the owner of the property or a person authorized by the owner.[4] The conclusion reached by this Court in Downer therefore does not apply in the instant case. Instead, the trial court and the district court should have relied on this Court's decision in Dye when determining the requirements of section 810.097.
*1035 Finally, the State argues that even if the identity and authority of the person who has warned a defendant to leave school property are elements of the school trespass statute, the petitioner's conviction should be upheld because sufficient evidence was presented to demonstrate that the security guard was authorized to restrict access to the school. See Johnston v. State, 863 So.2d 271, 283 (Fla.2003) ("Generally, an appellate court will not reverse a conviction that is supported by competent, substantial evidence."). We disagree. A review of the record demonstrates that when asked about her duties as a security guard, the witness responded only that her job was to monitor students' behavior. No further testimony regarding the witness's duties or authority was elicited. Notably, the trial court expressly determined that the State had presented no evidence that the school's security guard was a designee of the school's principal for the purposes of the trespass statute, or that the guard was in any way vested with authority to restrict access to the school's property. Further, the State has cited no rule or statute indicating that a school security guard, by virtue of his or her title, would possess such authority as a matter of law. Cf. Dye, 346 So.2d at 542 (observing that under a statute in force at the time of the defendant's conviction, a school custodian could be considered an employee of the school board with inherent authority to manage school property). Because an essential element of the offense was not supported by competent, substantial evidence, we find that the petitioner's conviction must be vacated.

CONCLUSIONS
"That the government must prove each element of a criminal offense beyond a reasonable doubt is a bedrock principle of our criminal justice system and one that guides the review of any criminal conviction in this state." Barnum, 921 So.2d at 519. Here, the statute provides that the offender must have been warned to leave "by the principal of such school, or his or her designee." § 810.097(2), Fla. Stat. As in Dye, we find that the identity and authority of the person who has warned the defendant to leave the grounds of the school are essential elements of the trespass offense, which must be stated in the charging document and proved beyond a reasonable doubt at trial. Accordingly, we quash the decision of the Third District in D.J., vacate the conviction for trespassing upon the grounds of a school facility, and remand this case to the district court for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., dissents.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
[2] At the time Dye was decided, trespassing on the grounds of a school was criminalized by section 228.091, Florida Statutes (1975). That statute was later amended and renumbered, and is now codified under section 810.097, the statute at issue in the instant case. See ch. 99-147, § 1, Laws of Fla. Nonetheless, Dye was charged with committing the more general trespassing offense in violation of section 810.09, rather than with the more specific offense of trespassing on a school in violation of section 228.091.
[3] The current version of section 810.09 uses essentially the same language as that used in the 1975 version. See § 810.09(2)(b), Fla. Stat. (2010) ("If the offender defies an order to leave, personally communicated to the offender by the owner of the premises or by an authorized person . . . the offender commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.").
[4] However, we note that section 810.08 was amended shortly after Downer's conviction. The amended version of the statute stated, and continues to require, that a person who has been authorized, licensed, or invited to enter or remain on the property must be warned to leave "by the owner or lessee of the premises, or by a person authorized by the owner or lessee." See Ch. 77-132, § 33, Laws of Fla.; see also 810.08(1), Fla. Stat. (2010).