HAWKES, J.
This is an appeal from a conviction for trespass on school grounds pursuant to section 810.097(2), Florida Statutes (2010). Defendant argues the trial court erred in denying his motion to dismiss the charge. Although the motion is not included in the record, one of the arguments defendant raises on appeal reveals fundamental error, namely that there was no evidence showing the principal or his designee ordered him to leave school grounds. Because this was a necessary element of section 810.097(2), we reverse.
Facts
At trial, the State presented testimony from Deputy Michael F. LaForte of the Duval Police Department. LaForte testified he was a “school board police officer” assigned to defendant’s school. As a member of the school board police, he was responsible for enforcing all state laws on school property. In particular, he could issue trespass warrants excluding people from school grounds on his own authority. LaForte testified he was not under the “command” of the school principal and had no “connection” with the principal’s office.
LaForte then described the circumstances of defendant’s arrest. He stated that on the date of the offense, he noticed a large group of students forming a circle in the school parking lot. Believing a fight was about to take place, he approached the group and ordered them to leave the property. It was at this time that he encountered defendant, who refused to leave. After ordering defendant to leave school grounds three times, he placed defendant under arrest.
After LaForte’s testimony, the State rested and the defense moved to dismiss the charge pursuant to Florida Rule of Juvenile Procedure 8.110(k). The grounds of this motion, as well as the trial court’s response, are not included in the record. All the record indicates is that the motion was denied. The trial court eventually found defendant guilty as charged, but withheld adjudication and imposed no penalty. Defendant now challenges the denial of his motion to dismiss.
Preservation
Initially, we find defendant’s arguments concerning the denial of his motion to dismiss were not preserved for appellate review. When evaluating the denial of a motion to dismiss in a juvenile proceeding, an appellate court may consider only those arguments specifically raised and ruled upon during the proceedings below. See A.P.R. v. State, 894 So.2d 282, 286 (Fla. 5th DCA 2005).
Here, the record does not include the motion to dismiss. It includes only a passing reference by the State Attorney that defendant had raised a motion to dismiss and that it had been denied. Because the grounds for the motion were not included in the record, there is no way to know whether the arguments raised on appeal were considered by the trial court when it denied the motion. Therefore, we must treat the arguments raised on appeal as unpreserved.
However, the defendant’s arguments can still be addressed if they constitute fundamental error. “[A]n argument that all evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved. Such complete failure of the evidence meets the requirements of fundamental error — i.e., an error that reaches to the foundation of the case and is equal to a denial of due process.” F.B. v. State, 852 So.2d 226, *669 230-31 (Fla.2003); see also A.P.R., 894 So.2d at 286.
After examining each of defendant’s arguments on appeal, we conclude that he has raised a claim which constitutes fundamental error. In particular, defendant argues the State offered insufficient evidence to establish section 810.097(2) as it did not show LaForte was a designee of the principal. As will be explained below, this was a necessary element of the offense, and the total absence of evidence supporting it warrants reversal.
The need to prove the involvement of the principal or his/her designee under Section 810.097(2)
Section 810.097(2) defines the offense of trespass on school grounds in the following way:
Any person who enters or remains upon the campus or other facility of a school after the principal of such school, or his or her designee, has directed such person to leave such campus or facility [ ] commits a trespass upon the grounds of a school facility!)]
According to the language of the statute, the order to leave must come from “the principal” or “his or her designee.” Defendant claims the State failed to meet this element. Indeed, an examination of the record reveals that not only was there a lack of evidence regarding this element, there was actually evidence refuting it.
During direct examination, LaForte testified he was not under the “command” of the school principal and had no “connection” with the principal’s office. He also stated he could issue trespass warrants excluding people — such as defendant— from school grounds solely under his own authority.[1] Such evidence implies he was not acting as the principal’s “designee” when he ordered defendant to leave school grounds. Because no evidence was introduced linking LaForte to the principal’s office in any way, and because the evidence which was introduced demonstrated LaForte had no such connection, the evidence was insufficient as a matter of law to establish this needed element of section 810.097(2). The lack of evidence establishing the offense constitutes fundamental error and warrants a reversal of defendant’s conviction.
The Third District’s opinion in D.J. v. State
By reversing defendant’s conviction, we are recognizing that the State must prove the involvement of the principal or his/her designee to establish a violation of section 810.097(2). This conflicts with the Third District’s decision in D.J. v. State, 43 So.3d 176 (Fla. 3d DCA 2010). In D.J., the evidence showed a school security guard had directed the defendant not to enter school property. Id. at 177. On appeal, the defendant argued the trial court should have dismissed the case because the State failed to introduce any evidence that the security guard was a designee of the principal, as required by section 810.097(2). Id. The Third District rejected this argument. It found that proving the order to leave came from the principal or his/her designee does not become a necessary element of section 810.097(2) unless, at trial, the defendant challenges the authority of the individual giving the order. Id. Because the defendant in D.J. did not contest the security guard’s authority at trial, the Third District affirmed the conviction. Id. This was incorrect for two reasons.
*670 First, the language of section 810.097(2) clearly indicates that it is necessary to demonstrate the order to leave came from the principal or his/her desig-nee. It is also required by the jury instructions for section 810.097(2), which indicate the State must show:
(1) Defendant entered or remained on the campus of (school name) [and]
(2) The principal or [his] [her] designee [told or directed the defendant to leave the campus or facility]
Fla. Std. Jury Instr. (Criminal) 13.5(b) (2010). Indeed, the jury instructions identify the charge as “Trespass on School Grounds or Facilities after Warning by Principal or Designee.” (emphasis added). The fact that the order came from the principal or his/her designee sets section 810.097(2) apart from other trespass charges. Given the clear language in the statute and jury instructions, it cannot simply be assumed that this element has been met, as the Third District seems to advocate in D.J. The State must show, beyond a reasonable doubt, that the defendant was instructed to leave by the principal or his/her designee to establish the offense.
Second, the authority cited by the Third District in D.J. does not support its interpretation of section 810.097(2). The Third District cited Downer v. State, 375 So.2d 840 (Fla.1979), and R.C.W. v. State, 507 So.2d 700, 701-02 (Fla. 1st DCA 1987), as support. However, neither case deals with section 810.097(2).
Downer concerned section 810.08(1), Florida Statutes, the general provision governing trespass in a structure or conveyance. In interpreting section 810.08(1), the Supreme Court stated it did not believe “that the identity and authority of those who have withheld permission to enter certain portions of a public facility are elements of the trespass statute.” 375 So.2d at 845. It went on to state that under section 810.08(1),
[i]t is sufficient if the prosecutor establishes that the defendant was on notice that he was not authorized to enter the portion of the public building in which the alleged trespass occurred. Only if the defendant at tidal challenges the authorization of one who has posted notice of or who has otherwise communicated this restriction, is the state required to prove the identity of the individual and his authority to restrict access to the portion of the public facility in question.
Id. at 845-46.
However, Downer may be distinguished from the instant case as it is not necessary to show an individual in a position of authority ordered the defendant to leave to establish the elements of section 810.08(1). As the Supreme Court stated, section 810.08(1) is satisfied so long as the defendant receives notice that he or she is trespassing; it does not require that such notice come from an authorized individual. This is in stark contrast to section 810.097(2), which hinges entirely upon the principal or his/her designee ordering the defendant to leave. Unlike section 810.08(1), the language of section 810.097(2) requires that a particular authorized individual be involved for a violation to be found.
Similarly, R.C.W. v. State concerned a trespass statute which did not require establishing the identity of the individual ordering the defendant to leave. The defendant in R.C.W. was charged with violating section 810.09, Florida Statutes, which governs trespass on property other than a structure or conveyance. Id. at 701-02. This Court in R.C.W. broke section 810.09 into its elements, and found the provision did not require the State “to prove that appellant defied an order to leave communicated by the owner or [another] author *671 ized person[.]” Id. at 702. Again, the situation changes when comparing section 810.09 with section 810.097(2), which hinges entirely upon the identity of the individual ordering the defendant to leave.
Conclusion
We conclude that the evidence presented by the State was insufficient to establish that defendant was ordered to leave school grounds by the school principal or his/her designee. Because this was an essential element of the charge under section 810.097(2), defendant’s conviction constitutes fundamental error. Accordingly, we reverse. To the extent that this decision does not comport with the Third District’s opinion in D.J., we certify conflict.
REVERSED; CONFLICT CERTIFIED.
VAN NORTWICK and PADOVANO, JJ., concur.

. We address only the officer's authority to exclude individuals from school grounds under section 810.097(2). He may very well have authority elsewhere but the charge here was a violation of section 810.097(2).