PER CURIAM.
We have for review the decision of the Third District Court of Appeal in J.R. v. State, 50 So.3d 112 (Fla. 3d DCA 2010), affirming the trial court’s adjudication of J.R.’s delinquency under section 810.097(2), Florida Statutes (2008), for trespass on school grounds after having been warned by the principal or his desig-nee. The Third District’s per curiam affir-mance consists solely of a citation to its decision in D.J. v. State (D.J. I), 43 So.3d 176 (Fla. 3d DCA 2010), quashed by D.J. v. State (D.J. II), 67 So.3d 1029 (Fla.2011). See J.R., 50 So.3d at 113.
In D.J. I, the Third District held that a defendant could be found guilty of trespass under section 810.097(2) absent evidence that the individual who had previously warned the defendant was a designee of the school’s principal. 43 So.3d at 177. At the time of the Third District’s decision in J.R., we had accepted jurisdiction in D.J. I to resolve conflict on the question of whether the identity and authority of the warning individual were essential elements of the trespass offense set forth in section 810.097(2). We therefore accepted jurisdiction over the Third District’s decision in J.R. as a “pipeline case” to D.J. I and stayed proceedings in J.R. pending our resolution of D.J. I.
Thereafter, we quashed the Third District’s decision in D.J. I and held that the warning individual’s identity and authority as a designee of the school’s principal are essential elements of trespass under section 810.097(2). D.J. II, 67 So.3d at 1030. We concluded that because the record did not contain sufficient evidence to establish that the security guard who warned D.J. was a designee of the principal, D.J.’s conviction must be vacated. Id. at 1035. We now consider the Third District’s decision in J.R. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
*428 We conclude that the State failed to present evidence at trial that the individuals who warned J.R. were designees of the school’s principal and that the trial court therefore erred in adjudicating J.R. delinquent under section 810.097(2). Accordingly, we quash the Third District’s decision affirming the trial court’s ruling.
I. BACKGROUND
The State filed a petition for delinquency against J.R. on November 21, 2008, alleging that J.R. had violated section 810.097(2) by trespassing on the grounds of Ruben Dario Middle School in Miami-Dade County after having been warned “by the principal, or designee, to wit: GREGORY WILLIAMS and/or ORLANDO GUTIERREZ.” In the Interest of: [J.R.], No. J08006923 J012 (Fla. 11th Cir. Ct. petition for delinquency filed Nov. 21, 2008). At a bench trial held on April 2, 2009, the State presented the testimony of Williams and Gutierrez, both of whom testified to being Miami-Dade County School Police officers. Officer Gutierrez testified that he was assigned to the Middle School as well as one other school, while Officer Williams testified that he had county-wide jurisdiction. Both officers testified that on October 22, 2008, they had encountered J.R. on school property although he was not a student at the school. Both officers also testified that they had previously warned J.R. on at least two occasions against trespassing on school grounds.
After the State rested its case, J.R. moved for a judgment of dismissal, arguing that the State had presented no evidence that either officer was a designee of the school’s principal. The State responded that under Downer v. State, 375 So.2d 840 (Fla.1979), and R.C.W. v. State, 507 So.2d 700 (Fla. 1st DCA 1987), the State was not required to produce such evidence unless the defense first challenged the warning individual’s designee status. The trial court denied J.R.’s motion, and the defense called J.R. to testify.
On direct examination, defense counsel asked J.R. whether he knew either officer to be a designee of the school’s principal. The State objected, and the trial court told defense counsel that J.R. would not know whether the officers were designees of the principal. Defense counsel then asked J.R. whether either officer had ever told him that they had the authority to restrict his access to school property. J.R. answered in the negative, and the trial court interjected, “They’re school board police. I think they have the right.”
After J.R.’s testimony, the defense rested its case and moved for a judgment of acquittal, again arguing, inter alia, that the State had failed to establish that the officers were designees of the school’s principal. The trial court responded to the defense’s argument by stating that the officers were “definitely” the principal’s designees because “the school board hired them to protect the schools and I take judicial notice of that.” The trial court denied J.R.’s motion, adjudged J.R. delinquent in violation of section 810.097(2), and issued a judicial warning to J.R.
J.R. appealed the trial court’s ruling to the Third District, arguing that the State had failed to prove that either of the warning officers was a designee of the school’s principal. J.R. contended that because the designee status of the warning individual is an element of the trespass offense under the plain language of section 810.097(2), the State had failed to prove every element of the crime beyond a reasonable doubt. J.R. further argued that the trial court’s attempt to take judicial notice of the officers’ designee status was inappropriate and therefore ineffective. The Third District did not address any of J.R.’s arguments in its per curiam affirmance of *429 the trial court’s ruling. See J.R., 50 So.3d at 113.
II. ANALYSIS
Section 810.097(2), Florida Statutes (2008), provides:
(2) Any person who enters or remains upon the campus or other facility of a school after the principal of such school, or his or her designee, has directed such person to leave such campus or facility or not to enter upon the campus or facility, commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
In D.J. II, we considered the question of “whether the identity and authority of a person who has warned a defendant to leave a school are essential elements of the offense of trespass upon the grounds of a school facility as set out by section 810.097(2), Florida Statutes (2009).”[1] D.J. II, 67 So.3d at 1032. We concluded “that the phrase ‘his or her designee’ in section 810.097(2) necessarily refers to one who has received express or implied authorization from the school’s principal to exercise control over the property of the school.” Id. at 1033. We held, therefore, that
to prove that a defendant has committed the first-degree misdemeanor set out in section 810.097(2), the State must present evidence that the defendant was (1) warned to leave the premises by a specific person, and (2) that that person was either the principal of the school or one who had received authorization from the principal to restrict access to the property.
Id. Because the record demonstrated that the warning individual’s designee status was not supported by competent, substantial evidence at trial, we vacated D.J.’s conviction. Id. at 1035.
Our holding in D.J. II dictates the outcome of this case. The designee status of the officers who warned J.R. against trespassing on school grounds is an essential element of J.R.’s conviction under section 810.097(2). See id. at 1033. Absent proof of the officers’ identity and authority, J.R.’s conviction must be vacated. See id. at 1033-35. We are not persuaded by the State’s argument that this case is distinguishable from D.J. II based on the trial court’s attempt to take judicial notice of the officers’ designee status.
The State cites a decision from each of the district courts of appeal holding that school police officers are school officials employed by the district school board.[2] The State argues that the district courts’ decisions “should certainly constitute an acknowledgment that a school police officer is a designee of the principal.” Brief of Respondent on Merits at 12. The State contends that the trial court therefore properly took judicial notice pursuant to section 90.201(1), Florida Statutes (2011),[3] which provides that “[a] court shall take judicial notice of ... [djecisional, constitutional, and public statutory law and resolutions of the Florida Legislature and the Congress of the United States.” We reject the State’s argument.
The trial court failed to take judicial notice of any specific decision of any *430 court — state or federal — -when declaring that Officers Gutierrez and Williams were “definitely [the principal’s] designees.” Nor did the trial court “afford each party reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed.” Rodriguez v. Philip, 413 So.2d 441, 442 (Fla. 3d DCA 1982) (quoting § 90.204, Fla. Stat. (1979)). Instead, the trial court sua sponte stated its conclusion that the officers were designees of the school’s principal and took judicial notice of its own conclusion. The trial court’s ruling therefore did not satisfy the conditions for taking proper judicial notice pursuant to section 90.201(1). Moreover, none of the district court decisions cited by the State in its brief as “decisional law” concern section 810.097(2) or otherwise establish that school police officers are desig-nees of the principal of the school to which they are assigned.
J.R.’s conviction must be vacated because the State did not present sufficient evidence to support a finding of the officers’ designee status, which is an essential element of the trespass offense set forth in section 810.097(2). See D.J. II, 67 So.3d at 1031-32 (“The constitutional guarantee of due process requires that all essential elements of an offense must be proved by the prosecution beyond a reasonable doubt.”). At trial, the State argued — and the trial court agreed — that it was not required to present such evidence unless the defense first challenged the officers’ authority to restrict J.R.’s access to school grounds. We have since recognized, however, that this argument is inapplicable to cases prosecuted under section 810.097(2). See id. at 1034 (noting that — as here — the cases relied on by the State involved statutes that “did not state that the offender must have been warned to leave by the owner of the property or a person authorized by the owner”) (footnote omitted).
We reject the State’s contention that the record contains competent, substantial evidence to support the finding that Officers Gutierrez and Martinez were designees of the school’s principal for purposes of section 810.097(2). A review of the record demonstrates that neither officer testified that he had received either express or implied authorization from the principal to restrict access to school grounds. Although both officers testified to their positions as Miami-Dade County School Police officers and to their jurisdictional assignments, neither officer testified further regarding his duty or authority. The testimony supporting the officers’ designee status in this case is even weaker than the testimony that we held in D.J. II did not support a finding of the warning individual’s designee status. See 67 So.3d at 1035 (holding that security guard’s testimony “that her job was to monitor students’ behavior” did not amount to competent, substantial evidence to support a finding that the guard was a designee of the school’s principal for purposes of section 810.097(2)). Because an essential element of the offense was not supported by competent, substantial evidence, we conclude that the Third District erred in affirming the trial court’s adjudication of J.R.’s delinquency.
III. CONCLUSION
For the reasons stated above, we quash the decision of the Third District in J.R. and remand this case to the district court for further proceedings consistent with this opinion.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. The 2008 version of section 810.097(2) at issue in this case is identical to the 2009 version that we considered in D.J. II.

. See M.D. v. State, 65 So.3d 563 (Fla. 1st DCA 2011); State v. Whorley, 720 So.2d 282 (Fla. 2d DCA 1998); State v. D.S., 685 So.2d 41 (Fla. 3d DCA 1997); State v. J.H., 898 So.2d 240 (Fla. 4th DCA 2005); and K.K. v. State, 717 So.2d 629 (Fla. 5th DCA 1998).

.The current version of section 90.201, Florida Statutes, is unchanged from the version in effect during J.R.’s trial.