# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3288
_____

GERONNIE TIRELL ROLLINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the County Court for Union County.
Mitchell D. Bishop, Judge.

May 8, 2024


PER CURIAM.

Geronnie Tirell Rollins appeals his convictions for three misdemeanor offenses stemming from a disturbance during a high school football game. He challenges the trial court's denial of judgment of acquittal (JOA) on all three counts and allowing the jury to decide the case. We affirm without comment the convictions for disrupting a school function and resisting a law enforcement officer without violence. We affirm the conviction for trespass upon school grounds as explained below.

Union County High School and Newberry High School played each other in a football game at the Union County High School stadium on October 29, 2021. Newberry was the visitor, from Alachua County. Appellant was one of the assistant coaches on

the sidelines for the Newberry team. Union County Sheriff's Office deputies were present at the game to provide security and crowd management. At least two officers with the Alachua County Sheriff's Office also attended as spectators.

The testimony at trial established that the game was hotly contested, passions were aroused, and the atmosphere was especially noisy. Witnesses testified that Newberry coaches and spectators were unhappy with, and even angered by, some calls by the referees. In the first half, the Newberry head coach was penalized for unsportsmanlike conduct. As the third quarter was ending, an assistant referee called a foul on a Newberry player. This referee testified that Appellant ran on to the field to loudly protest this call, a clear violation of game rules. The same referee then called an unsportsmanlike conduct foul on Appellant. Because of the previous unsportsmanlike conduct foul called on Newberry's head coach, both Appellant and the head coach were ejected from the game by the second sideline foul.

The assistant referee testified that he told Appellant that he had to leave the game. The atmosphere became more raucous at this point. There was conflicting evidence about what happened as Appellant and the head coach (and possibly a third person who resembled Appellant, not a coach) made their way to the nearest exit from the field. The head referee testified that during the ejection of the coaches, Newberry fans began leaving the bleachers and approaching the field of play. The timing of events was unclear from the testimony of the two referees as they described struggling to monitor multiple events occurring simultaneously. The game did not resume after the ejection of the Newberry coaches because the head referee determined it was unsafe to continue.

The State's witnesses described Appellant's behavior as belligerent and that he was shouting profanities and loudly declaring that he was not leaving. In his trial testimony, Appellant flatly denied any such speech or behavior and denied that he entered the field of play.

Travis Rimes, a teacher at Union County High School and reserve deputy for the Union County Sheriff's Office, testified that he approached the Newberry coaches and heard one of them

exclaim with profanity that he was not leaving. Deputy Rimes told Appellant that he had to go. According to Deputy Rimes, Appellant swore at him and raised his arm or hand, prompting Deputy Rimes to wrap his arms around Appellant's torso. Another deputy stepped in, and Deputy Rimes and Appellant fell to the ground. The deputies handcuffed Appellant and escorted him to an exit, along with the head coach. Appellant was released to a law enforcement officer from Alachua County and was not taken into custody that night.

At trial, the State asked Deputy Rimes if he had the authority to "trespass people" — that is, to direct a person to leave a property or face a criminal charge of trespass. Over a defense objection to hearsay, Deputy Rimes was allowed to testify that while he lacked authority to do so as a teacher, he did have that authority in his capacity as a sheriff's reserve deputy.[1]

After the State rested its case, defense counsel moved for JOA on the charge of trespass upon the grounds of a school facility after warning, brought under section 810.097(2), Florida Statutes (2021).[2] The defense argued that under *J.R. v. State*, 99 So. 3d 427, 429 (Fla. 2012), the State was required to present evidence that: 1) the defendant was warned to leave by a specified person; and 2) the warning person was either the principal of the school or

---

[1] Although not challenged on appeal, the trial court correctly denied the hearsay objection. Whether Deputy Rimes had received consent to trespass someone from the school grounds was not hearsay. Instead, the giving of consent is a verbal act. *See A.J.M. v. State*, 182 So. 3d 895 (Fla. 4th DCA 2016); *Palmer v. State*, 448 So. 2d 55 (Fla. 5th DCA 1984)).

[2] Section 810.097(2) provides:

(2) Any person who enters or remains upon the campus or other facility of a school after the principal of such school, or his or her designee, has directed such person to leave such campus or facility. . . commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

3

someone who received authorization from the principal to restrict access to the property. In *J.R.,* the evidence failed to demonstrate that the school resource officer was designated by the principal to direct a person to leave, subject to a trespass charge. *Id.* at 430. J.R.'s conviction under section 810.097(2) was therefore reversed. *Id.*

Here, the State responded that Deputy Rimes' testimony that he was authorized "to trespass people" in his capacity as a reserve deputy was enough to survive the motion for JOA. Given the context of this testimony immediately after Deputy Rimes denied that he had the ability to trespass people off the property as a teacher, we agree. Although Deputy Rimes' testimony was ambiguous, the jury could infer that his authority was authorized by the Union High School principal.

"A trial court's denial of a motion for judgment of acquittal is reviewed de novo to determine solely if the evidence is legally sufficient." *Durousseau v. State*, 55 So. 3d 543, 556 (Fla. 2010). In reviewing the denial of a judgment of acquittal, we review "the evidence and all reasonable inferences from the evidence… in the light most favorable to the State." *Scott v. State*, 49 Fla. L. Weekly D549, D550; 2024 WL 955714, *1 (Mar. 6, 2024) (citations omitted). "The elements of a criminal offense are a matter of statutory interpretation, which we address under the de novo standard of review." *D.J. v. State*, 67 So. 3d 1029, 1032 (Fla. 2011).

Our supreme court has held that "the identity and authority of the person who has warned a defendant to leave is an essential element of the offense" of trespass upon the grounds of a school facility under section 810.097(2). *D.J.*, 67 So. 3d at 1033. The statute requires the warning person to be "the principal of such school, or his or her designee." § 810.097(2), Fla. Stat. As stated in *D.J.*, "section 810.097 grants to the principal of a school the same authority that is granted to the owner of private property by section 810.09, namely, the authority to order persons to either leave the premises or face criminal sanction." *D.J.*, at 1033. The warning person's status as a law enforcement officer or school security guard employed by the school system is not enough. The absence of evidence that the warning person "has received express or implied authorization from the school's principal to exercise

4

control over the property of the school" requires reversal of a conviction for trespass on school grounds after warning under section 810.097(2). *J.R.*, 99 So. 3d at 429.

While a law enforcement officer's position alone does not constitute express or implied authorization from the school's principal for purposes of the trespass offense under section 810.097(2), here, viewing the inferences most favorably to the State, there was sufficient evidence that Deputy Rimes had consent to trespass people from school grounds to raise a jury question. There was a reasonable inference created by his testimony that Deputy Rimes had authority from the school principal to trespass people from school grounds. Whether he actually had such authority was therefore properly a question for the jury, so the trial court was correct to deny the motion for JOA.

Appellant's conviction for a violation of section 810.097(2), and his other convictions, are therefore AFFIRMED.

LEWIS, BILBREY, and LONG, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Charles Daniel Sikes of Charles Daniel Sikes, P.A., Starke, for Appellant.

Ashley Moody, Attorney General, and Amanda A. Uwaibi, Assistant Attorney General, Tallahassee, for Appellee.